JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Guy Templeton Black ("plaintiff") appeals from the dismissal of his complaint against defendant-appellee Roosevelt Coats ("defendant") by the Cuyahoga County Court of Common Pleas for failure to state a claim. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On January 27, 2004, plaintiff filed a pro se complaint against the defendant seeking a restraining order, permanent injunction, and damages in the amount of $13,000. The gist of plaintiff's fragmented and unclear complaint appears to allege that defendant, a city councilman, falsely accused plaintiff of dumping newspapers into a trash bin at Wayside and Euclid Avenue, Cleveland, Ohio. He claimed that because of defendant's unlawful action he has "suffered irreparable harm by threat of being arrested falsely or some other action by a police power or other source."
 {¶ 3} On April 27, 2004, defendant filed a Civ.R. 12(C) motion for judgment on the pleadings asserting failure to state a claim. On July 9, 2004, the trial court granted the motion for judgment on the pleadings.
 {¶ 4} Plaintiff timely appealed this order and argues that the trial court erred in dismissing his complaint without sufficient evidence to support a dismissal, since he did not have the opportunity to conduct discovery.[1]
 {¶ 5} As an initial matter, we note that plaintiff does not address Civ.R. 12(C) or make reference to why he is entitled to relief. Accordingly, his brief lends no support to the ultimate issue in this case. Nonetheless, we shall discuss the propriety of the trial court's dismissal of plaintiff's complaint in the interest of justice.
 {¶ 6} The Ohio Supreme Court has held that a Civ.R. 12(C) motion for judgment on the pleadings is to be considered as if it were a belated motion to dismiss for failure to state a claim upon which relief can be granted. State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591, 592. Therefore, we will analyze the judgment below under the same principles which we would apply in reviewing a Civ.R. 12(B)(6) dismissal.
 {¶ 7} A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
(1992), 65 Ohio St.3d 545, 548. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that plaintiff can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in plaintiff's favor. Stateex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 490.
 {¶ 8} Civ.R. 8(A) sets forth requirements for a complaint and provides in pertinent part: "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."
 {¶ 9} Here, plaintiff's complaint does not allege any set of facts that would entitle him to relief under Ohio law. The "false accusation" of which the plaintiff complains of was nothing more than an attempt by the defendant, a city councilman, to ensure that the resources of the City were not being wasted. Specifically, in the January 20, 2004 inter-office memorandum, defendant advised the Director of Waste Collection and Disposal that "an individual is using [a] gray Subaru as his delivery truck from the Scene magazine to dump piles of newspapers back into the trash bin receptacle at Wayside Avenue and Euclid Avenue. This situation is causing the garbage collectors to have to come into the area at least two to three times per week to empty the trash bin where these newspapers have been dumped." The memo requested that "a ticket be issued to this individual in order to stop this activity."
 {¶ 10} We find nothing unusual or threatening about this memorandum. Plaintiff was, in fact, the owner of a grey Subaru and delivered magazines for Scene magazine. He was notified by Scene's circulation manager of the defendant's allegation and advised accordingly. Plaintiff was not issued a ticket. While we are mindful of the obstacles presented to a pro se plaintiff, it is clear that even when construing his complaint liberally, he does not assert any actionable claim. Since the plaintiff has not asserted any actionable claim, the trial court did not err in dismissing his complaint prior to conducting discovery. See Stateex rel. Brantley v. Ghee (1998), 83 Ohio St.3d 521, 522.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Gallagher, J., concur.
[1] Plaintiff's appeal does not set forth any actual assignment of error.