JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Eugene Temkin ("Temkin") appeals the decision of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of appellee Mark Lotter ("Lotter"). For the reasons stated herein, we affirm in part, reverse in part, and remand the matter for further proceedings.
 {¶ 2} This action arises from an automobile accident that occurred on February 21, 2004, near Findley Lake, New York. Temkin filed this action claiming that he sustained injuries in the accident and that the accident was caused by the negligence of Lotter. Temkin is a resident of Ohio, and Lotter is a resident of Pennsylvania.
 {¶ 3} The trial court referred the case to court-ordered, non-binding arbitration. Pending arbitration of the matter, Lotter filed a motion for summary judgment, followed by a motion for leave to file the motion. After the report and award of the arbitrators was issued, the trial court granted Lotter's motion for leave to file his motion for summary judgment instanter. The report and award of the arbitrators made an award to Temkin in the amount of $8,400.
 {¶ 4} Temkin filed a motion to strike Lotter's motion for summary judgment, on the grounds that it was untimely and filed in direct contravention of the court's referral of the matter to arbitration. Lotter opposed, asserting that the issue was moot, since the trial court had granted Lotter leave to file the motion instanter. The trial court denied the motion to strike.
 {¶ 5} Lotter filed an appeal from the report and award of the arbitrators. Temkin filed a brief in opposition to Lotter's motion for summary judgment. Ultimately, the trial court granted Lotter's motion for summary judgment.
 {¶ 6} Temkin filed this appeal, raising two assignments of error for our review. His first assignment of error provides as follows:
 {¶ 7} "I. The trial judge abused his discretion by denying [Temkin's] motion to strike and permitting [Lotter] to file new motions at the start of the arbitration proceeding in violation of Loc.R. 29, Part I(D)."
 {¶ 8} Local Rule 29, Part I(D), of the Cuyahoga County Court of Common Pleas provides that once a matter is referred to arbitration, no further pleadings will be permitted. Temkin argues that the trial court arbitrarily denied his motion to strike Lotter's motion for summary judgment, which was filed after commencement of the arbitration and in direct contravention of the local rule. We do not find that the trial court abused its discretion in this regard.
 {¶ 9} Lotter filed a motion for leave to file his motion for summary judgment instanter. The trial court did not grant this motion until after the arbitration proceeding and after the report and award of the arbitrators had been filed. We find that it was within the discretion of the trial court to grant Lotter's motion, and we find no error in the trial court's decision to deny Temkin's motion to strike. We also recognize that Lotter filed for an appeal de novo from the arbitration award.
 {¶ 10} Temkin's first assignment of error is overruled.
 {¶ 11} Temkin's second assignment of error provides the following:
 {¶ 12} "II. The trial judge erred, as a matter of law, by granting summary judgment upon [Temkin's] claim for relief notwithstanding the genuine issues of material fact that had been demonstrated in the record."
 {¶ 13} A case decided upon summary judgment is reviewed de novo, and is governed by the standard set forth in Civ.R. 56.Comer v. Risko, 106 Ohio St.3d 185, 2005-Ohio-4559. Such a judgment is reviewed independently and without deference to the trial court's determination. Brown v. County Comm'rs (1993), 87 Ohio App.3d 704, 711. Summary judgment is proper when the moving party establishes that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel.Dussell v. Lakewood Police Department, 99 Ohio St.3d 299,300-301, 2003-Ohio-3652; Civ.R. 56. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). In this case, Lotter argued in his motion for summary judgment that (1) the tortious conduct occurred in New York; (2) New York law applies; (3) pursuant to New York's no-fault law, Temkin is not entitled to recover damages from Lotter because Temkin presented no evidence of sustaining a "serious injury." The trial court granted Lotter's motion without opinion. Temkin argues that summary judgment should not have been granted because material issues of fact remain in dispute.
 {¶ 14} Temkin claims that the situs of the collision was not conclusively established. Both parties agree that the accident occurred near Findley Lake. Findley Lake is in New York, but it is close to the Pennsylvania border. In moving for summary judgment, Lotter submitted an affidavit stating that the car accident happened "on Interstate 86, near the exit for Findley Lake in New York." Temkin confirmed that Findley Lake was the destination, but he was not exactly sure if the accident was in Pennsylvania or in New York.
 {¶ 15} Temkin stated that he and his family drove to Peek-N-Peak Ski Resort and that Findley Lake was the destination. This was Temkin's first time in the area. Temkin testified that he was not sure exactly where Peek-N-Peak and Findley Lake are located. He indicated that they drove from Ohio, through Pennsylvania and to New York. However, he could not confirm whether the accident occurred in Pennsylvania or in New York. He did indicate that it was not in Ohio. No police report was made of the incident.
 {¶ 16} Upon our review, it is apparent that the only evidence in this case upon which a conclusion can be made as to the location of the accident was Lotter's affidavit stating that it occurred in New York. Temkin was not familiar with the area and could not say whether the accident occurred in Pennsylvania or in New York. Further, he did not deny that it could have occurred in New York. Finally, there was no police report documenting the location of the accident. Since there was no evidence to dispute Lotter's statement that the accident occurred in New York, we find no genuine issue of fact remained in dispute on this issue.
 {¶ 17} We also find that New York law applies to this matter. The accident occurred in New York and involved a Pennsylvania resident and an Ohio resident.
 {¶ 18} In Morgan v. Biro Mfg. Co., Inc. (1984),15 Ohio St.3d 339, 341-342, the Ohio Supreme Court adopted the Restatement (Second) of Conflicts of Law, which outlines the analysis for determining choice-of-law in a tort action. The court outlined the approach as follows:
"When confronted with a choice-of-law issue in a tort action under the Restatement of the Law of Conflicts view, analysis must begin with Section 146. Pursuant to this section, a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. To determine the state with the most significant relationship, a court must then proceed to consider the general principles set forth in Section 145. The factors within this section are: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 [of the Restatement of the Law of Conflicts] which the court may deem relevant to the litigation."
Morgan, 15 Ohio St.3d at 341-342.
 {¶ 19} In the case sub judice, we find that the presumption in favor of applying the law of the place of the injury, New York, was not overcome, as we do not find the above factors establish that another jurisdiction has a more significant relationship to the tort action. Indeed, both the place of injury and the conduct causing the injury were in New York. The parties are from Ohio and Pennsylvania and are linked together only through this accident. Accordingly, the law of New York should be applied.
 {¶ 20} New York Insurance Law Section 5104(a) provides in relevant part as follows:
"Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss. * * *"
 {¶ 21} Temkin argues that it is for a jury to decide whether the conditions described in his deposition satisfy the definition of "serious injury" that has been adopted in New York. "Serious injury" is defined as "a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment." N.Y. Ins. Law Section 5102 (d).
 {¶ 22} In his deposition, Temkin testified that he did not feel bad immediately after the accident, but that two or three days later he started feeling bad in his back, neck, and shoulder. Temkin stated he was treated in physical therapy and he felt much better following the treatment. Temkin failed to provide any evidence to create a genuine issue of fact as to whether he sustained a serious injury. Upon this record, we find reasonable minds could conclude only that Temkin did not suffer a serious injury.
 {¶ 23} The remaining issue is whether Temkin and Lotter qualify as "covered persons" under New York Insurance Law Section 5104(a). A "covered person" is defined as "any owner, operator or occupant of, a motor vehicle which has in effect [the insurance required under article six of the Vehicle and Traffic Law]; or any other person entitled to first party benefits." N.Y. Ins. Law Section 5102(j). "First party benefits" means "payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle," less certain set-offs. N.Y. Ins. Law Section 5102(b).
 {¶ 24} In this case, evidence was introduced that Lotter was insured under a personal automobile policy with USAA Casualty Company. Temkin stated in his deposition that he was insured by Progressive. Lotter appears to make the broad assumption that because he and Temkin were each insured, they both qualify as a "covered person" under New York law. This is simply not the case.
 {¶ 25} Temkin correctly asserts that the term "covered person" does not mean just "anyone with coverage equivalent to New York's minimum liability requirement." See Lattimer v.Boucher (N.J.Super. 1983), 458 A.2d 528, 531. Temkin cites to the New York case of Marshall v. Nationwide Mut. Ins. Co. (N.Y. 1990), 166 A.2d 852, in which the court indicated that there is an additional requirement in the case of a nonresident with a vehicle lawfully registered in another state. Pursuant to this requirement, "the policy must be issued by an authorized insurer or by an unauthorized insurer which has filed a form consenting to service of process and declaring that its policy shall be deemed to be varied to comply with the requirements of Vehicle and Traffic Law article 6." Id. at 853, citing N.Y. Vehicle and Traffic Law Section 311(9). No evidence was introduced to this effect in this case, or to otherwise show that the parties were persons entitled to first party benefits within the meaning of New York Insurance Law Section 5102(j); see, also, AmericanIndependent Ins. v. Gerard Ave. Medical P.C. (N.Y. 2005), 2005 N.Y. Slip Op 52302U (indicating a non-resident who is insured by an out-of-state insurer still may be a "covered person" if the vehicle had in effect the required "financial security.")
 {¶ 26} Since Lotter failed to submit sufficient evidence to demonstrate that he and Temkin were "covered persons" under New York law, Lotter failed to satisfy his burden in moving for summary judgment, and the trial court erred in granting his motion.
 {¶ 27} Insofar as Temkin mentions the issue of personal jurisdiction, which was raised in Lotter's motion for summary judgment, we find the affirmative defense was waived. Lotter failed to assert a lack of personal jurisdiction as an affirmative defense in a timely fashion, and the trial court denied his motion for leave to amend his answer to include this affirmative defense. Lotter has not disputed this issue on appeal.
 {¶ 28} Temkin's second assignment of error is sustained.
Judgment affirmed in part and reversed in part; case remanded.
It is ordered that appellant and appellee share the costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., concurs; Karpinski, J., concurs (with separate opinion).