JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendants-appellants Angelo Castelli and Amelia Castelli appeal from the trial court's judgment entering judgment in favor of plaintiff-appellee Wayne Weber, d/b/a Vertex Painting. We reverse and remand.
 {¶ 2} Weber does painting and other construction improvement in Cuyahoga County. He filed suit against the Castellis after they allegedly failed to pay him for painting a rental house they own; he alleged claims of unjust enrichment and fraudulent inducement. The Castellis answered and denied all claims.
 {¶ 3} Weber subsequently moved the court for a referral to "binding arbitration." The trial court granted Weber's motion in part and ordered that the case would be referred to "non-binding arbitration." The trial court then referred the case to arbitration through the common pleas court's Alternative Dispute Resolution (ADR) Department.
 {¶ 4} The arbitrators subsequently issued a report and award finding for Weber in the amount of $4,500. The report noted that "the defendants] and defendants' attorney did not appear at the hearing."
 {¶ 5} Weber filed a motion to confirm the arbitrators' award under R.C. 2711.09. The Castellis, on the other hand, filed a motion to vacate the arbitration award because they never received notice of the hearing before the arbitrators. In their motion, counsel stated that he had learned through *Page 4 
conversation with a representative of the court's ADR Department that notice of the arbitration proceeding had been sent to his correct street address, but to the wrong suite number.
 {¶ 6} The trial court overruled both Weber's and the Castellis' motions as moot, and entered judgment for Weber "on the evidence presented at [the] arbitration hearing."
 {¶ 7} The Castellis now appeal. They argue that the trial court committed prejudicial error in entering judgment for Weber because they had no notice of the arbitration hearing, in violation of their due process rights.
 {¶ 8} At the outset, we note that this matter is governed by Rule 29 of the Local Rules of the Cuyahoga County Common Pleas Court, not R.C. Chapter 2711, which both parties cite. R.C. 2711.01 et seq. applies to the enforcement of binding arbitration clauses contained in written agreements. This case involves an oral agreement and, further, was referred to non-binding arbitration through the court's ADR Department, a procedure governed by Loc. R. 29.
 {¶ 9} Under Part VIII (A)(1) of Loc. R. 29, any party to a non-binding arbitration may file a notice of appeal of the award in the common pleas court within 30 days of the award. The filing of such appeal is sufficient to require a "de novo trial of the entire case." Id. If no appeal is filed, the arbitrators' report and award is final and the court shall then enter judgment. Part VII (B). *Page 5 
 {¶ 10} Here, the arbitrators' report and award was filed on July 30, 2008. Only 14 days later, on August 14, 2008, the Castellis filed their motion to vacate the arbitrators' award. We construe the Castellis' motion as an appeal of the award. As their appeal was timely filed, the trial court should not have entered judgment for Weber, but should have proceeded to a de novo trial in the matter.
 {¶ 11} Weber argues that the trial court properly entered judgment in his favor because the Castellis were on notice that the case was referred to arbitration and should have checked the court docket to ascertain the date of the arbitration hearing. Our review of the docket indicates that the court advised the parties by journal entry filed on June 18, 2008 that the case was referred to arbitration, which was to be held within 90 days of the date of referral. The docket contains no subsequent entry setting the hearing date, so checking the docket would not have been helpful.
 {¶ 12} Weber also argues that counsel's failure to advise the court of his correct suite number is not reason to vacate the arbitration award. However, the record reflects that counsel's correct address and suite number were on the pleadings he filed on behalf of the Castellis.
 {¶ 13} In any event, because the arbitration was non-binding and the Castellis timely appealed the arbitrators' award, the trial court should have proceeded to trial in the matter instead of entering judgment in Weber's favor.
Reversed and remanded. *Page 6 
It is ordered that appellants recover from appellee the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P. J., and PATRICIA A. BLACKMON, J., CONCUR
 *Page 1