[Cite as *Thrower v. Bolden*, 2012-Ohio-3956.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97813

## ALBERT THROWER

PLAINTIFF-APPELLANT

vs.

## REGINA MARIE BOLDEN, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-738098

**BEFORE:** Boyle, P.J., Sweeney, J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**FOR APPELLANT**

Albert D. Thrower, pro se
1312 West 89th Street
Cleveland, Ohio    44102


**ATTORNEYS FOR APPELLEES**

**For Regina Marie Bolden**

Lynn Sheftel
Alan I. Goodman
55 Public Square
Suite 1300
Cleveland, Ohio    44113

**For Charter One**

Nathalie A. Dibo
Karen L. Giffen
Melissa A. Laubenthal
Giffen & Kaminski, LLC
1300 East Ninth Street
Suite 1600
Cleveland, Ohio    44114

**For Jennie Chiccola**

Edward D. Hayman
28499 Orange Meadow Lane
Orange Village, Ohio    44022

MARY J. BOYLE, P.J.:

{¶1} Plaintiff-appellant, Albert Thrower, appeals the trial court's order confirming an arbitration award in favor of defendants-appellees, Regina Marie Bolden, Gramar Realty, Margaret Bedingfield, Jennie Chiccola, and Jennie Chiccola Realty, Inc. He also appeals the trial court's judgment granting summary judgment in favor of defendant-appellee, Charter One Bank. After a thorough review of the briefs and record, we affirm.

Procedural History and Facts

{¶2} Thrower initially filed the underlying lawsuit in 2009, but the case was dismissed without prejudice for his failure to prosecute. He refiled the action on October 1, 2010, and ultimately filed his second amended complaint on April 4, 2011.

{¶3} According to Thrower's second amended complaint, he hired Bolden, a real estate agent, in July of 2003 to sell a property located on Denison Avenue in Cleveland. At that time, Bolden allegedly worked for Jennie Chiccola Realty, Inc. Bolden allegedly never sold the property but obtained access to a Charter One Bank account belonging to Thrower under the name of "Thrower dba National Homeowner Services." Thrower alleged that Bolden withdrew approximately $9,000 from the account from August 2003 until April 2005 by using a "falsified" power of attorney.

**{¶4}** Thrower filed suit, among others, against Bolden, Charter One, and Bolden's alleged former and current realtor employers, alleging that the defendants were "jointly and severally" liable on claims for "theft of funds, negligence, fraud, breach of contract, conversion, and unjust enrichment."

**{¶5}** Bolden admitted to using a power of attorney to withdraw from the account but maintained that the withdrawals were done at the direction of Thrower. According to Bolden, she dispersed the money in the account to several third parties on Thrower's behalf.

**{¶6}** Charter One subsequently moved for summary judgment on September 26, 2011, arguing that Thrower's claims regarding the checks drawn on the account were time-barred and that he cannot establish a breach of duty by Charter One as a matter of law. Specifically, Charter One argued that it had no duty to investigate the actions of a holder of a valid power of attorney. Charter One further argued that the power of attorney presented by Bolden was facially valid, containing a notarial seal. Charter One attached copies of Thrower's account statements and a copy of the power of attorney that was on file relating to the account.

**{¶7}** Thrower failed to timely oppose Charter One's motion for summary judgment. On November 10, 2011, the trial court granted Charter One's motion. On November 18, 2011, Thrower filed a motion for reconsideration of the trial court's order granting summary judgment in favor of Charter One, urging the court to reconsider in

light of the response filed by Thrower on November 10, 2011. In his response motion, Thrower attached several documents, which were not self-authenticating or supported by affidavit. The trial court denied the motion for reconsideration on December 2, 2011.

{¶8} On December 7, 2011, the trial court subsequently ordered that the case be referred to Cuyahoga County Common Pleas Court arbitration on claims involving the remaining parties. Two days later, the arbitration panel issued its report and award, finding that "plaintiff, as to all defendants, did not prove his case." Thrower failed to timely appeal the award within the common pleas court; instead, he filed a premature notice of appeal with this court on January 6, 2012. On January 11, 2012, the trial court adopted the judgment of the arbitration panel, thereby entering a final judgment.[1] Under App.R. 4(C), Thrower's premature notice of appeal was treated as being filed on January 11, 2012.

{¶9} Thrower raises six assignments of error, which we will address in turn and together where appropriate.

Referral to Arbitration

---

[1] We note that the trial court's order confirming the arbitration judgment was clarified upon remand from this court to reflect that judgment was rendered in favor of all the defendants subject to the arbitration. The trial court's initial order erroneously stated defendant as opposed to defendants.

{¶10} In his first assignment of error, Thrower argues that the trial court erred in referring the case to the court's arbitration department and denying him the right to a jury trial. We find that his argument lacks merit.

{¶11} Rule 15(A) of the Rules of Superintendence for the courts of Ohio expressly permits courts to adopt a plan for mandatory arbitration of civil cases. Loc.R. 29 of the Court of Common Pleas of Cuyahoga County, General Division, governs arbitration, and pursuant to this rule, the trial court has the authority to refer a civil case to arbitration. It is well settled that Loc.R. 29 is constitutional and consistent with Sup.R. 15. *See Kuenzer v. Teamsters Union Local 507*, 66 Ohio St.2d 201, 420 N.E.2d 1009 (1981); *Cavalry Invs., LLC v. Dzilinski*, 8th Dist. No. 88769, 2007-Ohio-3767.

{¶12} Further, Loc.R. 29 does not infringe on a litigant's right to a jury trial. The rule expressly provides a mechanism for a litigant to appeal the arbitration award and provides that "[a]ll cases which have been duly appealed shall be tried de novo." Loc.R. 29, Part VII(A) and (C). Here, Thrower simply failed to abide by the procedure for appealing the arbitration award. By failing to comply with Loc.R. 29 and properly appeal the arbitration award, Thrower effectively waived his right to a jury trial. *See Kicen v. Proficient Indus., Inc.*, 8th Dist. No. 53159, 1988 Ohio App. LEXIS 1714 (May 5, 1988).

{¶13} The first assignment of error is overruled.

Arbitration Award

{¶14} In his second and fourth assignments of error, Thrower appears to be challenging the underlying arbitration award. He argues that there was insufficient evidence to support an award in favor of the defendants and that, conversely, the evidence overwhelmingly supported a verdict in his favor. In his sixth assignment of error, although not entirely clear, he seems to challenge an evidentiary ruling of the arbitration panel. But as discussed above, Thrower failed to comply with Loc.R. 29 and properly appeal the arbitration award as set forth in the rule, namely, by filing a notice of appeal in the office of the ADR administrator acting for the clerk of courts. In the absence of a valid appeal filed pursuant to Loc.R. 29, Part VII (A)(1), the trial court was required to enter judgment on the award. Specifically, Loc.R. 29 provides the following:

> Part VI: **REPORT AND AWARD**
>
> * * *
>
> (B) **Legal Effect of Report and Award; Entry of Judgment**. The report and award, unless appealed, shall be final and shall have the attributes and legal effect of a verdict. If no appeal is taken within the time and in the manner specified, the Court shall enter judgment. * * *

{¶15} As this court has previously recognized, a litigant's failure to strictly comply with the procedure for appealing an arbitration award precludes a later attack of the underlying award to this court. *See Kicen*, 8th Dist. No. 53159, 1988 Ohio App. LEXIS 1714 (overruling all of appellant's assignments of error related to arbitration

award because "appellant failed to comply with the mandatory provisions of Local Rule 29, by which the trial court would have granted a trial de novo").

{¶16} And while we recognize that Thrower represented himself in the proceedings below pro se, his decision to prosecute his claims without legal counsel does not shield him from the consequences of his mistakes. Under Ohio law, pro se litigants are held to the same standard as all other litigants: they must comply with the rules of procedure and must accept the consequences of their own mistakes. *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996).

{¶17} The second, fourth, and sixth assignments of error are overruled.

Summary Judgment and Motion for Reconsideration

{¶18} In his third assignment of error, Thrower argues that the trial court erred in granting summary judgment in favor of Charter One and that it further erred in denying his motion for reconsideration of the summary judgment ruling. We disagree.

A. Summary Judgment

{¶19} We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

**{¶20}** Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that

> (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 1996-Ohio-326, 672 N.E.2d 654.

**{¶21}** The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264. If the movant fails to meet this burden, summary judgment is not appropriate, but if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

**{¶22}** Here, we find that the trial court properly granted Charter One's motion for summary judgment. Aside from the fact that Thrower never timely opposed the motion, the record reveals that Charter One was entitled to judgment as a matter of law. The gravamen of Thrower's allegations against Charter One is that (1) they fraudulently and negligently honored checks against his account between 2003 and 2005 pursuant to an invalid power of attorney, and (2) they negligently allowed cash to be withdrawn on the account under the same invalid power of attorney.

**{¶23}** Thrower's claims regarding the checks are time-barred. His claim that the checks were not properly payable fall within the Uniform Commercial Code, namely, R.C. 1304.30. Such claims are subject to a three-year statute of limitations. *See* R.C. 1304.09. Here, the three-year statute of limitations began to accrue upon negotiation of the checks, i.e., in 2003 and 2005. Thus, the statute of limitations would have expired in 2008 at the latest — well before his 2009 filing of the lawsuit. Contrary to Thrower's assertion, the "discovery rule" does not apply to R.C. 1304.30 claims. *See Mattlin Holdings, L.L.C. v. First City Bank,* 189 Ohio App.3d 213, 218, 2010-Ohio-3700, 937 N.E.2d 1087 (10th Dist.).

**{¶24}** With respect to the claims regarding the cash withdrawals, Charter One established in its motion for summary judgment that it did not breach any duty owed to Thrower. The record reveals that Charter One has a power of attorney on file authorizing Bolden to withdraw funds from Thrower's account. To the extent that Thrower implied Charter One owed a duty to investigate the actions of Bolden, Ohio law imposes no such requirement. *See Uma Gupta, M.D. v. Lincoln Natl. Life Ins. Co.*, 10th Dist. No. 05AP-378, 2005-Ohio-6473 ("the law does not set forth that the conduct of a third-party is actionable when the conduct was undertaken upon reliance of a valid power of attorney").

**{¶25}** To the extent that the other claims that were listed in Thrower's second amended complaint applied to Charter One, i.e., fraud, civil conspiracy, theft of funds,

breach of contract, conversion, and unjust enrichment, Charter One moved for summary judgment on the grounds that Thrower failed to produce any proof to support such claims, let alone allege sufficient facts. Our review agrees with the trial court that Charter One was entitled to judgment as a matter of law on these claims. Indeed, Thrower failed to even comply with Civ.R. 8 pleading requirements with respect to these claims. Nor did he meet his burden to rebut Charter One's motion for summary judgment. Accordingly, we find that the trial court did not err in granting Charter One's motion for summary judgment.

B.      Motion for Reconsideration

{¶26} In regard to the Thrower's motion for reconsideration of the grant of summary judgment, we apply a de novo standard of review. *Dunn v. N. Star Resources, Inc.*, 8th Dist. No. 79455, 2002-Ohio-4570, ¶ 10. Thus, we "afford no deference to the trial court's decision and independently review the record in the light most favorable to the non-movant to determine whether summary judgment is appropriate." *Id. See also Thayer v. Diver*, 6th Dist. No. L-07-1415, 2009-Ohio-2053, ¶ 26. In light of our analysis above, we find that the trial court did not err when it denied Thrower's motion for reconsideration. And although Thrower attempted to rebut Charter One's motion by his untimely response, the documents attached to the response did not comply with Civ.R. 56(C).

{¶27} The third assignment of error is overruled.

Video Record the Arbitration Proceedings

**{¶28}** In his fifth assignment of error, Thrower argues that he was denied due process by the trial court's denial of his "motion to allow cameras in the courtroom and/or arbitration panel." He argues that he was denied the right to video record the proceedings. We find that his argument lacks merit. Under Loc.R. 29, Part V(F), Thrower had the right to record the proceedings by arranging for a court reporter. He simply failed to do so.

**{¶29}** The fifth assignment of error is overruled.

**{¶30}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
LARRY A. JONES, SR., J., CONCUR