[Cite as *Johnson v. Johnson*, 2020-Ohio-1381.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STEPHEN EARLY JOHNSON,      :

     Plaintiff-Appellant,      :

                    No. 108420

     v.      :

CLAUDE STEPHANIE JOHNSON,      :
ET AL.,

                             :

     Defendants-Appellees.     

                             :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** April 9, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-902590

### *Appearances:*

Stephen Early Johnson, *pro se.*

Claude Stephanie Johnson, *pro se.*

RAYMOND C. HEADEN, J.:

{¶ 1} Plaintiff-appellant Stephen E. Johnson ("Stephen"), pro se, appeals the trial court's decision granting defendant-appellee, Claude S. Johnson's ("Claude") motion to dismiss pursuant to Civ.R. 12(B)(6). For the reasons that

follow, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} In Cuyahoga C.P. No. CV-18-902590, Stephen, pro se, filed a five-count complaint against his wife, Claude, on September 28, 2018.[1] Claude, pro se, answered the amended complaint on October 25, 2018.

{¶ 3} The trial court conducted a case management conference on November 1, 2018, when it set a discovery deadline for January 4, 2019, and required the submission of dispositive motions by January 11, 2019. The trial court also referred the case to arbitration, pursuant to Loc.R. 29 of the Court of Common Pleas of Cuyahoga County, General Division ("Loc.R. 29"), with a request that the arbitration be completed by January 18, 2019.[2]

{¶ 4} Prior to the arbitration hearing, Stephen filed the following discovery requests on December 28, 2018: request for admissions, request for production of documents, and request for first set of interrogatories.

{¶ 5} An arbitration hearing was held on January 3, 2019, and Stephen appealed the arbitration panel's decision on February 4, 2019. The case was

---

[1] Stephen filed a two-count complaint on August 22, 2018, and an amended five-count complaint on September 28, 2018. Claude answered the amended complaint and this appeal addresses Stephen's amended complaint.

[2] The trial court's referral to arbitration was premature since Loc.R. 29 does not permit a referral until after all discovery is completed. Loc.R. 29, Part I(D). Due to the parties' failure to raise this issue with the trial court, we do not now need to consider the alleged error on appeal. *Hohmann, Boukis & Curtis Co. v. Brunn*, 138 Ohio App.3d 693, 699, 742 N.E.2d 192 (8th Dist.2000).

returned to the trial court's docket on February 6, 2019. Per a February 14, 2019 journal entry, the dispositive motion deadline was extended to March 8, 2019, and all other dates remained the same.

{¶ 6} On February 25, 2019, Stephen filed a motion requesting the court to (1) deem admitted Claude's unanswered requests for admissions, and (2) grant Stephen's motion for summary judgment based upon those admissions. On February 26, 2019, Claude filed two motions: (1) a motion for extension of time to complete discovery, and (2) a motion to dismiss in accordance with Civ.R. 12(B)(6).[3]

{¶ 7} On March 11, 2019, the trial court granted Claude's motion to dismiss because Stephen's complaint failed to state a claim upon which relief could be granted.

{¶ 8} Following the court's granting of Claude's Civ.R. 12(B)(6) motion, Stephen filed this timely appeal arguing one assignment of error:

> The trial court erred and abused its discretion ruling in favor of the appellee after the appellant established for the record the appellee had procedural[ly] defaulted by failing to timely answer the admissions as required by Civ.R. 36(C)[.]

---

[3] Claude attached a memorandum in support of her motion to dismiss that included a copy of the Report and Award of the Arbitrators as well as the arbitrators' five-page award summary. We do not consider the arbitrators' report and award in our de novo review of Claude's motion to dismiss nor does the trial court's judgment entry provide any basis to assume the trial court considered this document when it reviewed Claude's motion to dismiss. Further, Claude's motion to dismiss referenced the complaint's allegations of slander, libel, and theft, and we do not presume Claude intended the motion to rely exclusively on the arbitrators' report and award simply because she attached a copy of that document to her motion.

## II.    Law and Analysis

{¶ 9} Stephen contends that the trial court erred and abused its discretion when it found his February 25, 2019 motion moot rather than (1) finding Claude's unanswered admissions deemed admitted, and (2) based upon those admissions, granting Stephen's motion for summary judgment. Claude's argument is difficult to discern, but it appears to focus on the lack of discovery prior to the arbitration hearing and the trial court's granting of her Civ.R. 12(B)(6) motion.

{¶ 10} After reviewing the issues and arguments, we find that Stephen is not challenging the trial court's finding that his February 25, 2019 motion was moot; rather, Stephen contends that the trial court's granting of Claude's Civ.R. 12(B)(6) motion to dismiss was in error.

{¶ 11} Technically, because Claude filed her Civ.R. 12(B)(6) motion to dismiss after she filed an answer, Claude sought a Civ.R. 12(C) motion for judgment on the pleadings rather than a motion to dismiss. *Shingler v. Provider Servs. Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 106383, 2018-Ohio-2740, ¶ 17, fn. 6. A motion for judgment on the pleadings raises only questions of law that are reviewed under a de novo standard of review. *Cohen v. Bedford Hts.*, 8th Dist. Cuyahoga No. 101739, 2015-Ohio-1308, ¶ 7.

{¶ 12} Claude's motion will be reviewed under a Civ.R. 12(B)(6) standard:

> The Ohio Supreme Court has held that a Civ.R. 12(C) motion for judgment on the pleadings is to be considered as if it were a belated motion to dismiss for failure to state a claim upon which relief can be granted. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 592, 1994 Ohio 208, 635 N.E.2d 26. Therefore, we will analyze the

[Civ.R 12(C) motion] under the same principles which we would apply in reviewing a Civ.R. 12(B)(6) dismissal.

*Black v. Coats*, 8th Dist. Cuyahoga No. 85067, 2005-Ohio-2460, ¶ 6.

{¶ 13} The test to determine whether a complaint can be dismissed pursuant to Civ.R. 12(B)(6) is "[i]n order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that plaintiff can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in plaintiff's favor." *Black* at ¶ 7, citing *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). Thus, a complaint will be dismissed, pursuant to Civ.R. 12(B)(6), if it appears beyond doubt that the plaintiff can prove no set of facts entitling the plaintiff to relief. *Cohen* at ¶ 8.

{¶ 14} In his amended complaint, Stephen raised five counts.

## A. **Count 1**

{¶ 15} In Count 1, Stephen alleges Claude committed libel and slander that are both forms of defamation. The proposed facts provided in support of these allegations are: "Later on that day [Claude] decided to call [the] [S]econd [D]istrict Police and make a false claim that [Stephen] threaten[ed] to kill her after [Stephen] abandoned her at Rite Aid located in Lakewood, OH * * *." (Amended complaint at ¶ 6.)

{¶ 16} Defamation occurs when a publication containing a false statement is made with some degree of fault that (1) reflects injuriously on one's reputation, or

(2) exposes a person to public hatred, contempt, ridicule, shame or disgrace, or (3) affects a person adversely in his or her trade, business or profession. *Sullins v. Raycom Media, Inc.*, 2013-Ohio-3530, 996 N.E.2d 553, ¶ 15 (8th Dist.).

> To establish a claim for defamation, a plaintiff must show: (1) a false statement of fact was made about the plaintiff, (2) the statement was defamatory, (3) the statement was published, (4) the plaintiff suffered injury as a proximate result of the publication, and (5) the defendant acted with the requisite degree of fault in publishing the statement.

*Id.* at ¶ 15, citing *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 2012-Ohio-4193, 978 N.E.2d 832, ¶ 77, citing *Pollock v. Rashid*, 117 Ohio App.3d 361, 368, 690 N.E.2d 903 (1st Dist.1996).

**{¶ 17}** Defamation can occur in two forms — slander, which is spoken, and libel, which is written. *Stohlmann v. WJW TV, Inc.*, 8th Dist. Cuyahoga No. 86491, 2006-Ohio-6408, ¶ 8. Stephen alleged Claude committed both slander and libel.

### 1. **Slander**

**{¶ 18}** In reviewing his claim of slander, Stephen alleges that (1) Claude told the police that Stephen threatened to kill her; (2) the statement was untrue; and (3) he suffered damages.

**{¶ 19}** In Ohio, under notice pleading, a plaintiff need not prove his case at the pleading stage. *DSS Servs., L.L.C. v. Eitel's Towing, L.L.C.*, 10th Dist. Franklin No. 18AP-567, 2019-Ohio-3158, ¶ 10. A plaintiff is required under Civ.R. 8(A)(1) to provide a short and plain statement of the claim demonstrating that the claimant is entitled to relief. *McBride v. Parker*, 5th Dist. Richland No. 11 CA 122, 2012-Ohio-2522, ¶ 27.

**{¶ 20}** A plaintiff is not generally required to anticipate affirmative defenses and allege facts within the complaint that disprove those defenses. *DSS Servs.* at ¶ 10. Qualified privilege is an affirmative defense to a defamation claim. *Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 37. The qualified privilege exists for statements made to law enforcement for the prevention or detection of crime, absent actual malice:

> "'Any communications made by private citizens to law enforcement personnel for the prevention or detection of crime are qualifiedly privileged and may not serve as the basis for a defamation action unless it is shown that the speaker was motivated by actual malice.'"

*Allen v. Pirozzoli*, 8th Dist. Cuyahoga No. 103632, 2016-Ohio-2645, ¶ 14, quoting *Lewandowski v. Penske Auto Group*, 8th Dist. Cuyahoga No. 94377, 2010-Ohio-6160, ¶ 26, quoting *Oswald v. Action Auto Body & Frame, Inc.*, 8th Dist. Cuyahoga No. 71089, 1997 Ohio App. LEXIS 1642, 8 (Apr. 24, 1997). Thus, an allegedly defamatory statement may not be actionable if the comment is privileged and was not made with ill will or actual malice. *Boyd* at ¶ 36. Here, Claude did not raise qualified privilege in her answer.[4]

**{¶ 21}** Upon a review of the pleadings, we find that Stephen asserted that Claude told the police he threatened to kill her after Stephen abandoned Claude at a local drugstore. Stephen denies the veracity of the statements and claims he suffered damages including emotional distress, poverty of inconvenience, and missing his child's third-grade graduation. Presuming the allegations are true and

---

[4] Claude is not precluded from seeking to amend her answer under Civ.R. 15, if appropriate, to incorporate qualified privilege.

construing them most strongly in Stephen's favor, Stephen presented sufficient facts which, if proven, could warrant him relief. We, therefore, find the trial court erred in granting Claude's Civ.R. 12(C) motion on the slander claim.

### 2. **Libel**

**{¶ 22}** Libel, generally, is a false written publication that meets the elements of defamation. *McKee v. McCann*, 2017-Ohio-7181, 95 N.E.3d 1079, ¶ 36 (8th Dist.). Stephen does not allege any written publication resulted from Claude's meeting with the police. Stephen can prove no set of facts in support of his libel claim that would entitle him to relief, and as a result, the trial court correctly dismissed the libel cause of action under Count 1.

### B. **Counts 2–4**

**{¶ 23}** For ease of analysis, Counts 2 through 4 will be discussed collectively.

**{¶ 24}** In Count 2, Stephen alleges Claude's "negligence and frivolous filings" caused great harm to Stephen and his relationship with his son. The complaint does not include any facts to support negligent behavior or frivolous filings by Claude.

**{¶ 25}** Count 3 of the amended complaint asserts (1) Claude breached an oral contract to act as Stephen's caregiver, and (2) Claude "has taken personal property after verbally agreeing not to do so." The complaint does not contain facts from which the existence of an oral agreement can be inferred. The complaint is also silent as to an agreement whereby Claude was restrained from taking personal property.

{¶ 26} Stephen alleges in Count 4 that Claude tampered and took personal property without Stephen's consent. The only statement arguably related to this claim is Stephen's allegation that "[d]efendant had packed up all her belongings."

{¶ 27} The mere recitation of legal standards, such as negligence, breach of contract, or theft, is not sufficient to prevail on a Civ.R. 12(B)(6) motion to dismiss. *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, 6 N.E.3d 106, ¶ 24 (8th Dist.). Stephen's unsupported conclusions in Counts 2-4 of his complaint were not sufficient to withstand a motion to dismiss. *Id.* at ¶ 28. Accordingly, the trial court did not err when it dismissed Counts 2–4.

## C. Count 5

{¶ 28} In Count 5, Stephen alleges Claude committed fraud when she misled the domestic court, Cleveland school system, Second District of the Cleveland Police Department, TSA, and family members. Specifically, Stephen alleges that Claude spread "rumors that [Stephen] committed certain acts" and omitted portions of the story to Claude's advantage. One must prove the following elements for a claim of fraud:

> (1) a representation or, where there is a duty to disclose, omission of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.

*Cord v. Victory Solutions, L.L.C.*, 8th Dist. Cuyahoga No. 106006, 2018-Ohio-590, ¶ 12, citing *Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 49, 570 N.E.2d 1076 (1991).

Further, a fraud claim must be pled with particularity pursuant to Civ.R. 9(B). *Schmitz v. NCAA*, 2016-Ohio-8041, 67 N.E.3d 852, ¶ 66 (8th Dist.). "This means that a plaintiff must state "'the time, place, and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud.'"" *Cord* at ¶ 14, quoting *Carter-Jones Lumber Co. v. Denune*, 132 Ohio App.3d 430, 433, 725 N.E.2d 330 (10th Dist.1999), quoting *Baker v. Conlan*, 66 Ohio App.3d 454, 458, 585 N.E.2d 543 (1st Dist.1990). Stephen provided no detail regarding the fraud allegation except to state Claude misled the court, school system, police department, TSA, and family members "by spreading rumors that [Stephen] committed certain acts and leaving out parts of the story to suit her advantage and continue to use the Justice System as a sword rather than a shield." (Amended complaint at 20). Because Stephen's fraud claim was not pleaded with the necessary particularity, the trial court properly granted dismissal of Count 5.

**{¶ 29}** Accordingly, we affirm the trial court's dismissal of the libel claim under Count 1 as well as Counts 2, 3, 4, and 5. We find the trial court erred in concluding, as a matter of law, that Stephen failed to state a claim of slander for which relief can be granted, and therefore, reverse the court's ruling on the slander claim under Count 1 and remand on that issue. However, we note that our holding should not be construed as commenting on the merits of Stephen's slander claim.

**{¶ 30}** In addition to our findings regarding Claude's motion to dismiss, we note that once Stephen appealed the arbitrators' report and award on February 4,

2020, that report and award was no longer binding on the parties and the case was correctly returned to the trial court judge for a trial de novo. Loc.R. 29, Part VII (B) and (C).

{¶ 31} A trial de novo requires that the trial judge to proceed as if no arbitration decision had been rendered, *Finke v. Farley*, 1st Dist. Hamilton No. C-920223, 1993 Ohio App. LEXIS 4922 (July 22, 1993), citing *Black's Law Dictionary* 392 (5th Ed.1979); *accord* Loc.R. 29, Part VII(C). "In other words, upon the filing of an arbitration appeal, the arbitration award is effectively disregarded and the matter is returned to the trial court for a de novo review." (Emphasis omitted.) *Pickering v. Nationwide Mut. Fire Ins. Co.*, 9th Dist. Summit No. 19881, 2000 Ohio App. LEXIS 3092, 4 (July 12, 2000).

{¶ 32} While a trial court must afford a trial de novo following an appeal of an arbitration report and award, the trial court is not mandated to only set the matter for trial. Under Loc.R. 29, it is within the trial court's discretion to grant dispositive motions following an appeal from the arbitration report and award and prior to holding a trial de novo. *Temkin v. Lotter*, 8th Dist. Cuyahoga No. 87092, 2006-Ohio-6164, ¶ 8-9 (it was within a trial court's discretion, after an arbitration report and award was rendered and appealed and the case was returned to the trial court's docket, to grant leave to file a motion for summary judgment and rule on said motion).

{¶ 33} The trial court had great latitude to follow its local rules, and therefore, could consider Claude's motion to dismiss following Stephen's appeal of

the arbitration award and the case's return to the trial court for a trial de novo. *State Farm Fire & Cas. Co. v. Holland*, 12th Dist. Madison No. CA2007-08-025, 2008-Ohio-4436, ¶ 32, citing *Paramount Parks, Inc. v. Admiral Ins. Co.*, 12th Dist. Warren No. CA2007-05-066, 2008-Ohio-1351, ¶ 37, citing *Business Data Sys., Inc. v. Gourmet Cafe Corp.*, 9th Dist. Summit No. 23808, 2008-Ohio-409. *See also Pollock v. Jones,* 6th Dist. Lucas No. L-99-1106, 2000 Ohio App. LEXIS 2799, 13 (June 23, 2000) ("[a] trial court is vested with broad discretion in controlling its docket and regulating the proceedings before it."); *In re T.W.,* 8th Dist. Cuyahoga Nos. 88360 and 88424, 2007-Ohio-1441, ¶ 39 ("courts are to be given latitude in following their own local rules; the enforcement of rules of court is held to be within the sound discretion of the court").

{¶ 34} Here, following Stephen's appeal from the arbitrators' award and report, the trial court entered an order extending the dispositive motion deadline and subsequently ruled on Claude's motion to dismiss — actions within the trial court's discretion.

{¶ 35} Judgment is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
SEAN C. GALLAGHER, P.J., DISSENTS WITH SEPARATE OPINION

SEAN C. GALLAGHER, P.J., DISSENTING:

{¶ 36} I respectfully dissent. I recognize that the parties have been representing themselves throughout the entirety of these proceedings and that the briefing and the trial court record are a bit convoluted. Nevertheless, Stephen is entitled to a trial de novo in light of the fact that the trial court invoked Loc.R. 29 to refer the parties to mandatory arbitration at their initial appearance. Loc.R. 29 is the sole authority for the trial court's referral, but in exchange for the parties' reluctant participation in the arbitration process, the rule permits an unsatisfied party the opportunity to appeal the arbitration decision and award. If the appeal is timely perfected, the rule provides that the matter shall proceed to a "trial de novo" upon all claims. *Calhoun v. Drain*, 8th Dist. Cuyahoga No. 84442, 2004-Ohio-6412, ¶ 8. There is no ambiguity. Trial courts cannot invoke the referral portion of the rule, to the exclusion of the appeal portion after the parties endured the mandatory arbitration process.

{¶ 37} At the case management conference conducted five days after Claude filed an answer to the complaint, the trial court sua sponte referred the case to

arbitration under Loc.R. 29. That referral was premature and, in large part, has appeared to cause the parties' confusion — Stephen's primary argument in this appeal focuses on his inability to conduct discovery. The local rule does not permit a referral to arbitration until after all discovery is completed. Loc.R. 29, Part I(D). In fact, the referral is to occur only once all issues are joined and the matter is ready for trial. *Id.* This is because after the referral to arbitration, no further motions, pleadings, or discovery is permitted by rule. *Id.* This complicates the matter before us; however, it is acknowledged that neither party objected to the trial court's referral process.

{¶ 38} After the report and award of the arbitrators was filed, Stephen timely appealed the decision under Loc.R. 29, Part VII. Because he timely appealed the report and award, Stephen was entitled to a trial de novo. Loc.R. 29, Part VII (C) ("[a]ll cases which have been duly appealed *shall* be tried de novo."); *Weber v. Castelli*, 8th Dist. Cuyahoga No. 92158, 2009-Ohio-1677, ¶ 13. Further, the arbitrators' report and award was no longer binding or informative under the express terms of Loc.R. 29, Part VI (B), which provides that the report and award "shall be final and shall have the attributes and legal effect of a verdict" *unless* appealed.

{¶ 39} Instead of preparing for trial, Claude filed a motion to dismiss in which she claimed that the arbitrators' award in her favor required dismissal of the complaint. Claude's motion solely relied on the arbitrators' decision (her entire motion is as follows):

Plaintiff and Defendant have a divorce case pending in domestic relations court. Prior to the divorce case, Defendant had filed a protective order against plaintiff and plaintiff was found guilty of domestic violence. Plaintiff and Defendant have one child which temporary custody was granted to the Defendant pending divorce proceedings. On September 28, 2018 Plaintiff filed a complaint against defendant for Slander and Libel, false statement to court resulting to plaintiff to become homeless by a protection order being granted to Defendant and Defendant took Pictures and a futon belonging to plaintiff.

The case was referred for Arbitration on January 3, 2019.

The Arbitration panel finds against Plaintiff on all claims. (*See* attached Exhibit. A) Therefore, Defendant asks this Honorable Court to dismiss this case with prejudice. Costs to Plaintiff.

There were no other arguments presented for the trial court's consideration.

{¶ 40} The arbitrators' report and award was of no legal significance in consideration of the timely appeal and the matter being returned to the assigned trial court judge for trial. Loc.R. 29, Part VII (B). Further, the report could not be relied upon by the trial court in considering the arguments raised in the motion to dismiss. In light of the fact that the motion to dismiss was entirely based upon the report and award of the arbitrators, the trial court erred in granting the motion to dismiss for any reason.

{¶ 41} The majority concludes that Loc.R. 29 is inconsistent with the Rules of Civil Procedure, and therefore, the de novo trial requirement is unenforceable. Rule 15(A) of the Rules of Superintendence for the courts of Ohio expressly permits courts to adopt a plan for mandatory arbitration of civil cases. Under Rule 15(A)(2), however, every plan for mandatory arbitration of civil cases adopted by the common pleas court shall be filed with the Ohio Supreme Court

and must include language requiring the ability to appeal the mandatory arbitration. Loc.R. 29 authorizes mandatory arbitration in Cuyahoga County. *Thrower v. Bolden*, 8th Dist. Cuyahoga No. 97813, 2012-Ohio-3956, ¶ 11. "It is well settled that Loc.R. 29 is constitutional and consistent with Sup.R. 15." *Id.*, citing *Kuenzer v. Teamsters Union Local 507*, 66 Ohio St.2d 201, 420 N.E.2d 1009 (1981); *Cavalry Invests., L.L.C. v. Dzilinski*, 8th Dist. Cuyahoga No. 88769, 2007-Ohio-3767.

{¶ 42} Loc.R. 29, Part VII (A)(1) provides that "[t]he filing of a single appeal shall be sufficient to *require a de novo trial of the entire case on all issues* and as to all parties." (Emphasis added.) The trial court expressly relied on Loc.R. 29 in referring Stephen's claims to mandatory arbitration without the consent of the parties. Stephen properly appealed the unfavorable arbitration decision under Loc.R. 29, an appeal that is mandated by the Ohio Supreme Court. Under Loc.R. 29, Part VII(A)(1) as adopted by the Cuyahoga County Court of Common Pleas, the trial court was required to conduct a trial de novo on all claims and all issues. We should not condone the trial court ignoring its own rules, especially when those rules were the sole source of authority to force the mandatory arbitration upon the unwilling plaintiff. It is one thing to permit trial courts some latitude in enforcing deadlines within their local rules, *see, e.g.*, *In re T.W.*, 8th Dist. Cuyahoga Nos. 88360 and 88424, 2007-Ohio-1441, at ¶ 39; it is another altogether to permit trial courts to ignore their own rule requiring a trial de novo upon a party's timely perfecting an appeal from an unsolicited arbitration proceeding.

{¶ 43} In light of the fact that Claude's motion to dismiss was entirely based on the arbitration decision that bore no force or effect following Stephen's timely appeal, the motion to dismiss (whether considered as a Civ.R. 12(B)(6) or 12(C)) should have been denied. The majority's implication that the trial court could sua sponte review the complaint, independent of Claude's motion, is contrary to all notions of due process. Because Stephen appealed the unfavorable decision following the mandatory arbitration, the trial court was required to conduct a trial de novo on all claims and upon all issues. *Calhoun*, 8th Dist. Cuyahoga No. 84442, 2004-Ohio-6412, at ¶ 7 ("Absent any evidence of a party's waiver of the right to appeal, the trial court shall conduct a trial de novo on all issues once a party has timely appealed the arbitrators' award. Loc.R. 29 Part VIII(A)(1) & (C).") Stephen's argument regarding the lack of discovery and his unanswered requests for admissions all stem from the premature referral to arbitration. Thus, the issues are inextricably intertwined. I would reverse the decision of the trial court and remand for the trial de novo on all claims and all issues that Loc.R. 29, Part VII(A)(1) and (C) requires.