FERRON, Appellant,

v.

DISH NETWORK, L.L.C., Appellee.

[Cite as *Ferron v. Dish Network, L.L.C.*, 195 Ohio App.3d 686, 2011-Ohio-5235.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–611.

Decided Oct. 11, 2011.

Kevin E. Humphreys, for appellant.

Benesch, Friedlander, Coplan & Aronoff L.L.P., and Eric Larson Zalud; and Law Office of Benjamen E. Kern, L.L.C., and Benjamen E. Kern, for appellee.

FRENCH, Judge.

{¶ 1} Plaintiff-appellant, John W. Ferron, appeals the judgment of the Franklin County Municipal Court, which dismissed his complaint against defendant-appellee, Dish Network, L.L.C. ("Dish Network"). For the following reasons, we reverse in part and affirm in part the trial court's judgment.

{¶ 2} Ferron's complaint alleged that Dish Network's television advertisements for satellite television products and services violated the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq. ("CSPA"). Ferron also alleged that Dish Network violated the Ohio Telephone Solicitation Sales Act, R.C. 4719.01 et seq. ("TSSA"), by failing to adhere to state requirements for telephone solicitors. Certain violations of the TSSA are, by definition, violations of the CSPA. R.C. 4719.04. We begin, then, with the CSPA.

I.  The Consumer Sales Practices Act

{¶ 3} R.C. 1345.02(A) provides: "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." R.C. 1345.02(B) specifically defines certain acts or practices as "deceptive," but expressly states that these definitions do not limit the scope of R.C. 1345.02(A). R.C. 1345.03 prohibits unconscionable acts or practices.

{¶ 4} R.C. 1345.05 grants to the attorney general certain powers and duties, including the power to adopt procedural rules. The attorney general also may conduct investigations and bring actions for declaratory judgment or injunction to enforce the CSPA.

{¶ 5} R.C. 1345.09 grants to a consumer a cause of action and the right to seek relief under the CSPA "[f]or a violation of" R.C. Chapter 1345.[1] For our purposes, three rights of relief under this provision are important here. First, where the alleged violation was an act prohibited by R.C. 1345.02, 1345.03, or

---

1.  Certain portions of the CSPA have been amended recently, but we have discerned no impact upon our resolution of this case. Here, we set forth the current language.

1345.031, "the consumer may, in an individual action, rescind the transaction or recover the consumer's actual economic damages," plus noneconomic damages up to $5,000. R.C. 1345.09(A). Second, where the alleged violation was an act or practice declared to be deceptive or unconscionable by a rule adopted by the attorney general or an act or practice committed after a court has found that it violated R.C. 1345.02, 1345.03, or 1345.031, "the consumer may rescind the transaction or recover, but not in a class action, three times the amount of [his] actual economic damages or [$200], whichever is greater," and may recover noneconomic damages. R.C. 1345.09(B). Third, a "consumer may seek a declaratory judgment, an injunction, or other appropriate relief against an act or practice that violates" the CSPA. R.C. 1345.09(D).

## II. Case Background

{¶ 6} Ferron's complaint alleged that Dish Network had engaged in deceptive practices by misusing the term "free" in its television ads and by failing to identify all the terms and conditions of the advertised sale. He identified two causes of action. In his first cause of action, Ferron alleged that Dish Network "committed multiple violations" of R.C. 1345.02(A) and did so knowingly. He stated that he is entitled to an award of statutory damages and attorney fees. In his second cause of action, Ferron stated that he is entitled to a declaration that certain acts are deceptive and violate the CSPA.

{¶ 7} After Dish Network filed a motion to dismiss Ferron's complaint, in part because he failed to state his claims with specificity, Ferron filed his first amended complaint. In his first cause of action, Ferron again alleged that Dish Network knowingly committed multiple violations of R.C. 1345.02(A). He added, however, that none of Dish Network's violations caused him to suffer "any actual injuries or incur any actual damages." In his second cause of action, Ferron again stated that he is entitled to a declaration that certain acts are deceptive and violate the CSPA. In his claim for relief, Ferron sought an award of damages in the amount of $200 for each violation.

{¶ 8} On August 19, 2009, Dish Network moved to dismiss Ferron's amended complaint. The motion raised the following two grounds: (1) the television ads at issue did not rise to the level of a "solicitation" and did not constitute a "consumer transaction" under the CSPA, and (2) Ferron had knowledge of all the terms and conditions of the advertised transaction, he was not deceived by the ads, and no right to recover arose from them. The court denied Dish Network's motion as to the first ground, concluding that the ads were subject to the CSPA. As detailed here, however, the court granted Dish Network's motion as to the second ground concerning deception. The court also dismissed Ferron's claims under the TSSA.

{¶ 9} In support of its argument that Ferron was not deceived, Dish Network cited *Ferron v. EchoStar Satellite, L.L.C.* (S.D.Ohio 2009), 727 F.Supp.2d 647, affirmed (C.A.6, 2010), 410 Fed.Appx. 903 (*"EchoStar Satellite"*), in which the federal district court granted the defendants' motion for summary judgment against Ferron, and the Sixth Circuit Court of Appeal affirmed. The defendants in that case included EchoStar Satellite. In a footnote within its motion to the trial court here, Dish Network stated that the defendant in this action, Dish Network, L.L.C., was known formerly as EchoStar Satellite, L.L.C.; therefore, "the plaintiff and the principal defendant were the same in [*EchoStar Satellite*] as they are in this case."

{¶ 10} At issue in *EchoStar Satellite* were e-mail advertisements for products and services of Dish Network. Ferron received the e-mail advertisements after providing his e-mail address on various satellite dish websites. He alleged that the e-mail ads were deceptive in their price quotes, offers of free equipment, and terms of subscription.

{¶ 11} Of key importance to that case was Ferron's prior knowledge of the terms and conditions for obtaining Dish Network products and services. He had this prior knowledge because, before receiving the e-mail ads, he had made several telephone calls to call centers associated with Dish Network. The record before the district court was "replete with uncontroverted evidence that Ferron could not have been deceived by the subject email advertisements." Based on this evidence, the defendants moved for summary judgment, contending that without proof of deception, Ferron could not recover under the CSPA.

{¶ 12} As noted, the district court granted summary judgment in favor of the defendants. Construing the CSPA, the applicable regulations, and Ohio case law, the court concluded the following: "Given that in Ohio deception is measured from the standpoint of the consumer asserting the OCSPA claim, it logically follows that where the record shows affirmatively that the consumer could not have been deceived, no OCSPA violation has occurred." The Sixth Circuit Court of Appeals affirmed that judgment in December 2010.

{¶ 13} In the case before us, the trial court relied on the district court's decision in *EchoStar Satellite* and Ohio appellate court decisions to grant Dish Network's motion to dismiss. Concluding that "[d]eception is the sine qua non of the OCSPA," the trial court dismissed Ferron's complaint because he had not alleged that he had been deceived. The court also concluded that Ferron did not allege claims that concerned telephone solicitation; therefore, his claims for violations of the TSSA were dismissed.

III. Assignments of Error

{¶ 14} Ferron filed a timely appeal, and he raises the following assignments of error:

[1.] The trial court erred in dismissing for failure to state a claim upon which relief can be granted appellant's claim that appellee's television advertisements violated O.A.C. § 109:4–3–02(A)(1) and R.C. § 1345.02(A).

[2.] The trial court erred in dismissing for failure to state a claim upon which relief can be granted appellant's claim that appellee's television advertisements violated O.A.C. § 109:4–3–02(B) and R.C. § 1345.02(A).

[3.] The trial court erred in dismissing for failure to state a claim upon which relief can be granted appellant's claim that appellee's television advertisements violated O.A.C. § 109:4–3–04(A) and (C) and R.C. § 1345.02(A).

[4.] The trial court erred in dismissing for failure to state a claim upon which relief can be granted appellant's claim that appellee's television advertisements violated O.A.C. § 109:4–3–04(D)(3) and R.C. § 1345.02(A).

[5.] The trial court erred in dismissing for failure to state a claim upon which relief can be granted appellant's claim that appellee's television advertisements violated O.A.C. § 109:4–3–04(H) and R.C. § 1345.02(A).

[6.] The trial court erred in dismissing for failure to state a claim upon which relief can be granted appellant's claim that appellee's television advertisements violated R.C. § 4719.02(A) and R.C. § 1345.02(A).

[7.] The trial court erred in dismissing for failure to state a claim upon which relief can be granted appellant's claim that appellee's television advertisements violated R.C. § 4719.04(A) and R.C. § 1345.02(A).

[8.] The trial court erred in dismissing for failure to state a claim upon which relief can be granted appellant's claim for declaratory judgment pursuant to R.C. § 1345.09(D).

IV. Analysis

A. Assignments of Error Nos. 1 through 5: Ferron's Claims under the CSPA

{¶ 15} We begin with Ferron's first five assignments of error, in which he contends that the trial court erred by dismissing his claims that Dish Network violated regulations promulgated by the attorney general and, therefore, the CSPA. We address these assignments together.

{¶ 16} A motion to dismiss for failure to state a claim is procedural and tests whether the complaint is sufficient. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 207, 680 N.E.2d 985. Rather, the trial court may review only the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ.*

*Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. Moreover, the court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. We review de novo a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 17} As we noted, R.C. 1345.09(B) grants to a consumer a cause of action and a right to relief "[w]here the violation was an act or practice declared to be deceptive or unconscionable by rule adopted" by the attorney general. In such a case, the consumer may rescind the transaction or recover three times the amount of the consumer's actual economic damages "or [$200]," whichever is greater, and may also seek noneconomic damages. R.C. 1345.09(B).

{¶ 18} Here, Ferron alleged that Dish Network violated the CSPA by committing an act or practice declared to be deceptive by rules adopted by the attorney general. On a motion to dismiss, we must presume that these allegations are true, i.e., that Dish Network committed acts that the attorney general has declared to be deceptive. Based on these presumed violations, Ferron has a cause of action under the CSPA and may seek to recover $200.

{¶ 19} The federal courts' opinions in *EchoStar Satellite,* 727 F.Supp.2d 647, and 410 Fed.Appx. 903, do not require a different result. First, despite Dish Network's repeated representations that *EchoStar Satellite* and this case present identical issues between the same principal parties, *EchoStar Satellite* makes clear that neither the issues nor the parties are the same. In *EchoStar Satellite,* Ferron alleged different violations based on e-mail advertisements, and he made those allegations against some defendants not present here.

{¶ 20} But even if the issues and parties were identical, we fail to see how resolution of those issues by the federal court on a motion for summary judgment compels dismissal in this case on a motion to dismiss for failure to state a claim. A court's review on a motion to dismiss is limited to the pleadings; evidence and matters outside the pleadings may not be considered. Therefore, evidence that may have been before the federal court in *EchoStar Satellite* has no bearing on whether Ferron stated a claim for relief in this case. Before the federal court, the defendants offered a record "replete with uncontroverted evidence" that Ferron was not deceived by the e-mail advertisements at issue. Because the court interpreted the CSPA to require a consumer to *prove* that he was deceived, and because Ferron could not do so on the evidence presented, no questions of material fact remained, and the court granted summary judgment in the defendants' favor. The federal court opinions did not address the question before us

here—whether a consumer must *plead* that he was deceived in order to state a claim under the CSPA.

{¶ 21} Dish Network also relies on numerous other cases in which the court entered judgment in favor of the supplier where a consumer could not prove that he or she was deceived. These cases include this court's recent opinion in *Cicero v. Am. Satellite, Inc.*, 10th Dist. No. 10AP–638, 2011-Ohio-4918, 2011 WL 4477247, where this court affirmed the trial court's summary judgment in favor of an advertiser under the CSPA where the evidence affirmatively showed that the e-mail advertising at issue had not deceived the consumer. Because these cases differ procedurally from the case before us, and because none of them addressed the question of whether a consumer must plead deception in order to state a claim under the CSPA, these cases are not helpful to our review.

{¶ 22} Dish Network discusses only one case in which the court granted a motion to dismiss CSPA claims because the consumer (Ferron) did not allege that he was deceived. In *Ferron v. 411 Web Directory* (May 4, 2010), S.D.Ohio No. 2:09–cv–153, 2010 WL 1817396, the court granted the defendants' dispositive motions, including motions for summary judgment and a motion to dismiss filed by Dish Network, and dismissed Ferron's claims under the CSPA concerning e-mail advertisements for Dish Network products and services. In *411 Web Directory,* the federal court adopted the *EchoStar Satellite* district court opinion in its entirety. The court stated that "like in *EchoStar,*" Ferron "does not allege that he was actually deceived by the emails at issue * * *. Consequently, for the same reasons explained in *EchoStar* and adopted herein, the Court concludes that [Ferron] cannot succeed on his OCSPA claims and that Defendants are, therefore, entitled to judgment as a matter of law." While we need not express our agreement or disagreement with the *EchoStar Satellite* opinions in this case, we respectfully disagree that the reasons explained by the district court or the Sixth Circuit in support of summary judgment in favor of the defendants under the CSPA in that case compel dismissal for failure to state a claim under the CSPA in this case.

{¶ 23} Civ.R. 8(A) requires only that a claim for relief "contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Our review on a motion to dismiss a complaint is consistent with this notice-pleading requirement. A plaintiff need not "prove his or her case at the pleading stage." *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063. Rather, "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." Id.

{¶ 24} In only "a few carefully circumscribed cases," the Supreme Court of Ohio "has modified the standard for granting a motion to dismiss by requiring that the plaintiff plead operative facts with particularity." Id., citing *Mitchell* (a plaintiff bringing an intentional-tort claim against an employer must plead operative facts with particularity); *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584 (a plaintiff bringing a negligent-hiring claim against a religious institution must plead operative facts with particularity); and Civ.R. 9(B) ("[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"). In each of those cases, however, "sound public policy mandated that the claims involved receive intense scrutiny from the beginning." *York*, 60 Ohio St.3d at 145, 573 N.E.2d 1063. Dish Network offers no public policy that would lead us to conclude that all complaints filed under the CSPA require intense scrutiny from the outset, nor has Dish Network argued here that Ferron's claims allege fraud and therefore must be pleaded with particularity. Compare *Ferron v. Metareward, Inc.* (S.D.Ohio 2010), 698 F.Supp.2d 992, 1000–1001 (addressing the advertisers' argument that CSPA claims allege fraud and therefore must be pleaded with particularity pursuant to Civ.R. 9).

{¶ 25} Here, Ferron's amended complaint for a violation of rules adopted by the attorney general identified the specific advertisements at issue, the specific regulations that were violated, and his claim for statutory damages. For purposes of a motion to dismiss, the complaint gave Dish Network adequate notice of the claims at issue.

{¶ 26} Importantly, we note that at this stage of the proceedings, we have only Ferron's complaint before us. There is no affirmative statement within that complaint that the ads did not deceive Ferron or that he had prior knowledge of the terms and conditions of transacting for Dish Network's products and services. Ferron alleged that the ads were deceptive because they violated rules adopted by the attorney general. Assuming, as we must at this stage, that Ferron's allegations are true, Ferron stated claims under the CSPA.

{¶ 27} Finally, Dish Network argues that if we reverse the trial court's dismissal of Ferron's claims, then we should consider, alternatively, that Ferron did not allege claims under the CSPA because the ads at issue were not "solicitations" and therefore were not "consumer transactions" under the CSPA. The trial court expressly rejected that argument in its decision. We reject it, too.

{¶ 28} R.C. 1345.01(A) defines "consumer transaction" to include a "solicitation to supply" goods or services to an individual for personal or household use. Citing *Eisenberg v. Anheuser–Busch, Inc.* (Feb. 1, 2006), N.D.Ohio No. 1:04–cv–1081, 2006 WL 290308, Dish Network contends that mass-media advertising is not solicitation for these purposes.

{¶ 29} In *Eisenberg,* a class of plaintiffs sought redress against manufacturers and suppliers of alcohol for their targeting of underage consumers. Important for our purposes here, the court considered whether mass media advertising and marketing constituted solicitation for purposes of the CSPA. The court concluded: "Mass media advertising and marketing, though designed to inform and influence, do not specifically ask or request anything from any particular individual, and, unlike solicitation, they require no immediate response or reaction from a consumer." Id. at *34. Therefore, "mass media advertising and mass marketing efforts do not rise to the level of 'solicitation' and do not constitute a 'consumer transaction' for purposes of the CSPA." Id. at *34–35.

{¶ 30} The facts before us are different from those at issue in *Eisenberg,* however. Here, Ferron alleged that Dish Network's advertisements made specific offers within its advertisements and, therefore, asked for the immediate response or reaction that was missing from the mass advertising at issue in *Eisenberg.* Because it is distinguishable, *Eisenberg* is not helpful to our analysis.

{¶ 31} The CSPA does not define "solicitation." Therefore, we must give the term its common meaning. R.C. 1.42; *Chari v. Vore* (2001), 91 Ohio St.3d 323, 327, 744 N.E.2d 763. According to Black's Law Dictionary (5th Ed.1979), "solicitation" means the following: "Asking; enticing; urgent request." And according to Webster's Encyclopedic Unabridged Dictionary (Random House 1997), the definition of "solicitation" includes the following: "2. entreaty, urging, or importunity; a petition or request. 3. Enticement or allurement." Here, as noted, Ferron alleged that the Dish Network television advertisements urged viewers to enter into a consumer transaction for its goods and services and to call the provided toll-free number to do so. Applying the common meaning of solicitation, we conclude that offers made within such advertisements constitute solicitation under the CSPA.

{¶ 32} Our conclusion is consistent with the administrative rules adopted by the attorney general, whom the CSPA authorizes to adopt "rules defining with reasonable specificity acts or practices that violate" the CSPA. R.C. 1345.05(B)(2). While the rules adopted by the attorney general do not define solicitation, they do define "offer" and "advertisement." The term "offer" includes the solicitation of an offer to enter into a consumer transaction by advertisement. Ohio Adm.Code 109:4–3–01(A)(3). And the term "advertisement" includes any electronic, written, visual, or oral communication, made to a consumer by means of television, that identifies the terms of any goods or services that may be transferred in a consumer transaction. Ohio Adm.Code 109:4–3–01(A)(5). Based on these and statutory definitions, the rules define the acts and practices that violate the CSPA. (See, e.g., Ohio Adm.Code 109:4–3–02(B), which provides that offers made through television advertising "must be

preceded or immediately followed by a conspicuously clear and oral statement of any exclusions, reservations, limitations, modifications, or conditions.") The alleged offers at issue here fall easily within these definitions. Therefore, we reject Dish Network's contention that the offers made within its television advertisements were not solicitations for purposes of the CSPA.

{¶ 33} In summary, we conclude that Ferron stated claims under the CSPA, and the trial court erred by dismissing those claims. Therefore, we sustain Ferron's first, second, third, fourth, and fifth assignments of error.

B. Assignments of Error Nos. 6 and 7: Ferron's Claims under the TSSA

{¶ 34} In his sixth and seventh assignments of error, Ferron contends that the trial court erred by dismissing his claims under the TSSA. Those claims alleged that Dish Network violated the CSPA by failing to register as a telephone solicitor and by failing to obtain a surety bond, as required by the TSSA.

{¶ 35} R.C. 4719.02(A) precludes a person from acting as a telephone solicitor without first obtaining a certificate of registration from the attorney general. R.C. 4719.04 precludes a person from acting as a telephone solicitor without having first been issued a surety bond.

{¶ 36} R.C. 4719.14 provides that a violation of R.C. 4719.02 (the registration requirement) is an unfair or deceptive act or practice under R.C. 1345.02 of the CSPA. That section does not, however, define a violation of R.C. 4719.04 (the surety-bond requirement) as an unfair or deceptive act or practice under R.C. 1345.02. Therefore, Ferron has not stated, and cannot state, a claim under the CSPA for Dish Network's alleged failure to obtain a surety bond. Accordingly, we limit the remainder of our discussion to Ferron's claim under the CSPA for Dish Network's alleged failure to register as a telephone solicitor with the attorney general. Specifically, we consider whether the trial court erred by concluding that Dish Network was not acting as a telephone solicitor because Dish Network did not initiate calls to Ferron.

{¶ 37} R.C. 4719.01(A)(8) defines " '[t]elephone solicitor' " as "a person that engages in telephone solicitation directly or through one or more salespersons either from a location in this state, or from a location outside this state to persons in this state."

{¶ 38} R.C. 4719.01(A)(7) defines " '[t]elephone solicitation' " as "a communication to a person" that (a) is initiated by or on behalf of a telephone solicitor or by a salesperson and (b) either (i) represents a price, quality or availability of goods or services or (ii) is used to induce the person to purchase goods or services.

{¶ 39} R.C. 4719.01(A)(2) defines " '[c]ommunication' " as "a written or oral notification or advertisement" that (a) is transmitted by or on behalf of a seller

"and by or through any printed, audio, video, cinematic, telephonic, or electronic means," and (b) if the notification or advertisement is transmitted other than by telephone, then (i) the notification or advertisement is followed by a telephone call from a telephone solicitor or salesperson or (ii) "[t]he notification or advertisement invites a response by telephone, and, during the course of that response, a telephone solicitor or salesperson attempts to make or makes a sale of goods or services."

{¶ 40} In short, R.C. 4719.02 precludes Dish Network from acting as a telephone solicitor in Ohio without registering with the attorney general. A telephone solicitor includes a person who engages in telephone solicitation to persons in Ohio. Telephone solicitation includes a communication that is initiated by a telephone solicitor or a salesperson and that represents information about goods or services or is used to induce the purchase of goods or services. A communication includes an advertisement transmitted by video or electronic means if that advertisement invites a response by telephone and, during that response, a telephone solicitor or salesperson attempts to make a sale of goods or services.

{¶ 41} In his complaint, Ferron alleged that Dish Network aired television advertisements by electronic means. Those advertisements invited a response by telephone, and, during that response, a salesperson acting on behalf of Dish Network attempted to make a sale of Dish Network's goods or services. Ferron also alleged that Dish Network engaged in these activities without having registered with the attorney general.

{¶ 42} Applying the statutory definitions contained within the TSSA to Ferron's complaint, we conclude that Ferron has alleged a violation of R.C. 4719.02, which 4719.14 deems an unfair or deceptive act or practice under the CSPA. Because R.C. 4719.01(A)(2) includes within the definition of "communication" an advertisement that invites a response by telephone and during the response a salesperson attempts to make a sale, the trial court erred by concluding that Dish Network could not be a telephone solicitor if it did not initiate a call directly to Ferron.

{¶ 43} In its brief, Dish Network does not address these definitions or the trial court's conclusion that Dish Network is not engaged in telephone solicitation if it does not initiate calls to consumers. Instead, Dish Network directs us to R.C. 4719.15(A), which provides a cause of action to a "purchaser injured by a violation" of TSSA requirements. Because Ferron affirmatively states within his amended complaint that he has suffered no injury, Dish Network contends, Ferron has not stated a claim upon which relief can be granted. The trial court did not address this alternative argument for dismissing Ferron's complaint, and we decline to address it in the first instance. While we have concluded that the

trial court erred in its interpretation of the term "telephone solicitation," we express no opinion on other arguments concerning dismissal of Ferron's claims.

{¶ 44} In summary, we conclude that the trial court erroneously interpreted the TSSA when it dismissed Ferron's claim based on Dish Network's failure to register with the attorney general. Accordingly, we sustain Ferron's sixth assignment of error. We also conclude that the trial court did not err in dismissing Ferron's claim based on Dish Network's alleged failure to obtain a surety bond because the TSSA does not deem that failure to be an unfair or deceptive practice under the CSPA. On these grounds, we overrule Ferron's seventh assignment of error.

C.   Assignment of Error No. 8:  Ferron's claim for declaratory relief

{¶ 45} In his eighth assignment of error, Ferron contends that the trial court erred by dismissing his claim for declaratory relief. R.C. 1345.09(D) provides, "Any consumer may seek a declaratory judgment * * * against an act or practice that violates this chapter." Having concluded that the trial court erred by dismissing Ferron's claims that Dish Network violated the CSPA, we sustain Ferron's eighth assignment of error.

V.   Conclusion

{¶ 46} In summary, we reverse in part and affirm in part the judgment of the Franklin County Municipal Court. We sustain Ferron's first, second, third, fourth, fifth, and eighth assignments of error, and on those grounds reverse the trial court's dismissal of Ferron's claims under the CSPA. We remand this matter to the trial court for further proceedings on his CSPA claims.

{¶ 47} We sustain Ferron's sixth assignment of error, thus reversing the trial court's dismissal of Ferron's claim based on Dish Network's failure to register with the attorney general under the TSSA. We remand this matter to the trial court for further proceedings on that TSSA claim. We overrule Ferron's seventh assignment of error, thus affirming the trial court's dismissal of Ferron's claim based on Dish Network's failure to obtain a surety bond under the TSSA.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

BRYANT, P.J., and TYACK, J., concur.