THE STATE EX REL. CAPRETTA, APPELLANT, *v.* ZAMISKA ET AL., APPELLEES.

[Cite as *State ex rel. Capretta v. Zamiska,* 135 Ohio St.3d 177, 2013-Ohio-69.]

*Quo warranto—Adequate remedy by way of appeal precluded issuance of writ of quo warranto—Court of appeals' judgment denying claim affirmed.*

(No. 2012-1287—Submitted January 9, 2013—Decided January 16, 2013.)

APPEAL from the Court of Appeals for Medina County, No. 11CA0085-M.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Anthony P. Capretta, appeals from a judgment denying his claim for a writ of quo warranto to oust appellee Lisa J. Zamiska from the office of city council member for Ward 4 of the city of Brunswick, Ohio, to restore him to the office, and to require appellees Brunswick and its city council to provide him with lost wages and public-employee-retirement-system credit for the time that he was improperly ousted from office. Because Capretta had an adequate remedy by way of administrative appeal from his removal, we affirm the judgment.

**Facts**

**{¶ 2}** On November 6, 2007, Capretta was reelected to a four-year term as city council member for Brunswick Ward 4 and began serving that term on January 1, 2008. In May 2010, Capretta contacted the city service director about reimbursing one of his constituents for the replacement cost of a mailbox destroyed by a city snowplow. As a result of that contact, the city manager and the service director filed complaints against Capretta with the Brunswick Board of Ethics. Following an evidentiary hearing, the board of ethics determined that the service director's complaint had merit. The board concluded that Capretta had violated Section 3.05(b) of the Brunswick Charter, which provides:

Interference with Administration

Except for the purpose of inquiries and investigations under Article VI, Section 6, the Council or its members shall deal with City officers and employees who are subject to the direction and supervision of the City Manager solely through the City Manager or his/her designee(s), and neither the Council nor its members shall give orders to any such officer or employee either publicly or privately.

{¶ 3} On September 27, 2010, following an evidentiary hearing, the remaining members of the Brunswick City Council removed Capretta from office as council member for Ward 4 for violating Section 3.05(b) of the charter. *See* Brunswick Charter, Sections 3.06(b)(2) (council member shall forfeit office if the member "[v]iolates any express prohibition of this Charter") and 3.07 ("The Council shall be the judge of the election and qualifications of its members and of the grounds for forfeiture of their office and for that purpose shall have the power to subpoena witnesses, administer oaths and require the production of evidence"). On October 18, 2010, Zamiska was appointed to fill the vacancy created by Capretta's removal.

{¶ 4} On October 26, 2010, Capretta filed an administrative appeal pursuant to R.C. 2506.01 from the city council's decision removing him from his elective position of council member. On September 1, 2011, the Medina County Court of Common Pleas affirmed the city council's decision. Capretta appealed the common pleas court's judgment to the court of appeals, and on October 22, 2012, the court of appeals dismissed the appeal based on mootness. *Capretta v. Brunswick City Council*, 9th Dist. No. 11CA0094-M, 2012-Ohio-4871.

According to the court of appeals, the term of office for which Capretta sought reinstatement expired in 2011, and he was subsequently reelected to that office.

{¶ 5} In August 2011, a few weeks before the common pleas court decided his administrative appeal, Capretta filed a petition for a writ of quo warranto in the court of appeals. Capretta requested that Zamiska be ousted and that he be restored to the office of council member for Brunswick Ward 4. Capretta also requested that the city and the city council be required to pay his lost wages and provide him with service credit from his September 27, 2010 ouster until the date the writ is granted and he is returned to office. Appellees filed an answer and a motion for summary judgment, and Capretta filed a response opposing the motion. The court of appeals granted appellees' motion for summary judgment and, in effect, denied the writ.

{¶ 6} This cause is now before the court upon Capretta's appeal as of right.

**Analysis**

{¶ 7} The court of appeals determined that Capretta's administrative appeal constituted an adequate remedy in the ordinary course of law, which precluded his claimed entitlement to a writ of quo warranto. We agree.

{¶ 8} "Extraordinary writs like quo warranto provide extraordinary, not alternative remedies, and they will not lie where there exists an adequate remedy in the ordinary course of the law." *State ex rel. Johnson v. Talikka*, 71 Ohio St.3d 109, 110, 642 N.E.2d 353 (1994). An administrative appeal constitutes an adequate remedy in the ordinary course of law that precludes extraordinary relief in quo warranto. *See State ex rel. Fogle v. Carlisle*, 99 Ohio St.3d 46, 2003-Ohio-2460, 788 N.E.2d 1060, ¶ 9.

{¶ 9} On appeal, Capretta does not dispute this general proposition or suggest that the city council did not exercise quasi-judicial power in removing him from office. *See State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-

Ohio-2939, 951 N.E.2d 405, ¶ 20 ("R.C. 2506.01 provides for administrative appeals only from quasi-judicial proceedings").

{¶ 10} Instead, Capretta claims that his administrative appeal does not constitute an adequate remedy, because he cannot get back pay and retirement-system credit in an administrative appeal but can obtain these remedies pursuant to R.C. 2733.18[1] if a writ of quo warranto issues.

{¶ 11} Capretta waived this claim, however, by failing to raise it in the court of appeals in response to appellees' motion for summary judgment, in which they claimed that Capretta's administrative appeal pursuant to R.C. Chapter 2506 provided him with an adequate remedy in the ordinary course of law. *See generally Strothers v. Norton*, 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 18; *McGhan v. Vettel*, 122 Ohio St.3d 227, 2009-Ohio-2884, 909 N.E.2d 1279, ¶ 26.

{¶ 12} Moreover, Capretta cites no case in support of his claim that R.C. 2506.04 does not authorize an award of back pay and benefits in the context of an administrative appeal pursuant to R.C. 2506.01. He cannot meet his burden of demonstrating reversible error under these circumstances. *See In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2638, 951 N.E.2d 751, ¶ 14 (court can reject argument on appeal when the appellant fails to cite any legal authority in support).

{¶ 13} Finally, in comparable writ cases, we have held that the mere fact that the tribunal hearing a civil-service appeal from the removal of a classified employee from a position is not authorized to award back pay does not warrant

---

1. R.C. 2733.18 provides:

> Within one year after the date of a judgment mentioned in section 2733.17 of the Revised Code, the person in whose favor the judgment is rendered may bring an action against the party ousted, and recover the damages he sustained by reason of such usurpation.

the conclusion that the administrative appeal is inadequate and may be bypassed by an action for extraordinary relief. *See, e.g., State ex rel. Weiss v. Indus. Comm.*, 65 Ohio St.3d 470, 476, 605 N.E.2d 37 (1992).

{¶ 14} Therefore, Capretta failed to establish that the court of appeals erred in denying the requested extraordinary relief in quo warranto. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents.

_____

Joseph F. Salzgeber, for appellant.

Kenneth J. Fisher Co., L.P.A., and Kenneth J. Fisher, for appellees.

_____