[Cite as *Legacy Academy for Leaders v. Mt. Calvary Pentecostal Church*, 2013-Ohio-4214.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Legacy Academy for Leaders and the Arts and Attorney General Mike DeWine, | : | |
| | : | |
| Plaintiffs-Appellees, | : | No. 13AP-203 (Ct. of Cl. No. 2012-06394) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Mt. Calvary Pentecostal Church et al., | : | |
| Defendants-Third-Party-Appellants, | : | |
| | : | |
| Carl Shye et al., | : | |
| Defendants-Appellees | : | |
| | : | |
| [Ohio Auditor of State | : | |
| Third-Party-Defendant-Appellee.] | : | |

D E C I S I O N

Rendered on September 26, 2013.

*Mike DeWine*, Attorney General, and *Randall W. Knutti*, for plaintiffs-appellees.

*William C. Wilkinson*, for appellants.

APPEAL from the Court of Claims of Ohio

T. BRYANT, J.

{¶ 1} Defendants-Appellants, Mt. Calvary Pentecostal Church, Edward Bolling, Jerry McKinney, C. Wayne Brantley, Leonard Randall, Gary Brantley, and A. Glenn Brady, appeal from a judgment of the Court of Claims of Ohio granting motions of plaintiff-appellee, Ohio Attorney General Mike DeWine ("attorney general"), and third-

party defendant-appellant, Ohio Auditor of State, dismissing the church's counterclaim and dismissing the amended third-party complaint against the state auditor. For the reasons that follow, we affirm the judgment of the Court of Claims of Ohio dismissing the church's counterclaim, reverse the judgment of the Court of Claims dismissing the amended third-party complaint, and remand that portion for further proceedings consistent with this decision.

## I. BACKGROUND

{¶ 2} On February 13, 2012, the attorney general, in a representative capacity on behalf of Legacy Academy for Leaders and the Arts ("Legacy"), a nonprofit corporation operating as an Ohio community school, filed a complaint in the Franklin County Court of Common Pleas to recover public money improperly expended or unaccounted for pursuant to R.C. 117.28, 117.36, and 117.42. In his complaint, the attorney general named several defendants, including appellants, Mt. Calvary Pentecostal Church ("church"), Edward Bolling, Jerry McKinney, C. Wayne Brantley, Leonard Randall, Gary Brantley, and A. Glenn Brady. The attorney general alleged that the church owns the land and was the lessor of the premises used by Legacy for operation of the community school, that Bolling was the chief financial officer for the church, and that McKinney, Wayne Brantley, Randall, Gary Brantley, and Brady were members of the Legacy school board. The attorney general claimed that based on findings of recovery in regular and special audits performed by the state auditor, he was seeking to collect certain amounts from defendants, including appellants.

{¶ 3} After the common pleas court denied appellants' motion to dismiss, they filed an answer, counterclaim, and third-party complaint. In the counterclaim, appellant church alleged that Legacy is liable for damages from its breach of lease agreements by its failure to pay the church the agreed upon rent. In their third-party complaint, appellants claimed that the state auditor prepared audit reports concerning Legacy that did not conform to generally accepted accounting principles and contained negligent representations that were relied on by appellants and others to the detriment of appellants.

{¶ 4} Upon the filing of the third-party complaint against the state auditor, appellants filed a notice of removal of the action to the Court of Claims of Ohio pursuant to R.C. 2743.03(E)(1). Legacy, through the attorney general, filed a Civ.R. 12(B) motion to

dismiss the counterclaim, and the state auditor filed a Civ.R. 12(B) motion to dismiss the third-party claims. In response to the dismissal motions, appellants filed an amended answer and an amended third-party complaint against the state auditor. The amended answer did not include a counterclaim against Legacy or the attorney general. Appellants then filed a memorandum in opposition to appellees' motions to dismiss the counterclaim and the original third-party complaint on the basis that their filing of an amended answer and amended third-party complaint rendered the motions moot. The state auditor filed a motion to dismiss appellants' amended third-party complaint, and appellants filed a memorandum in opposition.

{¶ 5} On February 6, 2013, the Court of Claims granted the attorney general's motion to dismiss appellant church's counterclaim and the state auditor's motion to dismiss appellants' amended third-party complaint and remanded the case to the common pleas court pursuant to R.C. 2743.03(E)(2).

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellants appeal from the judgment of the Court of Claims, and they assign the following errors:

> 1. The trial court erred when it determined that third party defendant Ohio Auditor David Yost is entitled to statutory immunity under R.C. 2743.02(3)(b).
>
> 2. The trial court erred when it dismissed Mt. Calvary's counterclaim against Plaintiff Legacy Academy for Leaders and the Arts.

## III. DISCUSSION

{¶ 7} In their first assignment of error, appellants claim that the trial court erred in dismissing their third-party complaint against the state auditor. "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11, citing *Assoc. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the plaintiffs, it

appears beyond doubt that they can prove no set of facts entitling them to the requested relief. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, ¶ 12.

{¶ 8}   In their amended third-party complaint, appellants claimed that the state auditor's negligent audit reports of Legacy were relied on by others to the detriment of appellants.

{¶ 9}   "It is well established that the government is not amenable to suit by a private individual for a breach of a public duty." *Ashland Cty. Bd. of Commrs. v. Ohio Dept. of Taxation*, 63 Ohio St.3d 648, 654 (1992), citing *Anderson v. Ohio Dept. of Ins.*, 58 Ohio St.3d 215 (1991).  Therefore, under R.C. 2743.02(A)(3)(a), the state is generally immune from liability in any civil action or proceeding involving the performance or nonperformance of a public duty.  *Burr v. Ohio State Hwy. Patrol*, 10th Dist. No. 12AP-26, 2012-Ohio-4906, ¶ 19.  Courts have regularly found that statutory duties imposed on state officials to audit are public duties.  *Id.*; *see also Markowitz v. Ohio Dept. of Ins.*, 144 Ohio App.3d 155, 161 (10th Dist.2001); *Oregon v. Ferguson*, 57 Ohio App.2d 95 (10th Dist.1978) (state auditor immune from suit for alleged negligence in auditing municipal accounts); *Ashland Cty. Bd. of Commrs.* at 654 ("This court has regularly found that statutory duties imposed upon state officials to regulate, inspect, license, or audit are 'public' duties.").

{¶ 10} Appellants do not deny the general proposition that the state auditor is normally immune from the claims of negligent auditing that their amended third-party complaint raised; instead, they assert the existence of the statutory exception when the state has a "special relationship" with the injured party.

{¶ 11} Notwithstanding the general protection accorded the state auditor in performing its auditing duty, "[t]he immunity afforded by R.C. 2743.02(A)(3)(a) 'does not apply to any action of the state under circumstances in which a special relationship can be established between the state and an injured party.' "  *Burr* at ¶ 20, quoting R.C. 2743.02(A)(3)(b); *see also* R.C. 2743.01(E)(2), excluding from the definition of "public duty" any state action in which the state and the injured party have a special relationship. "Thus, under R.C. 2743.02(A)(3)(b), the state can be held liable for its performance or non-performance of a public duty, which is otherwise exempted from the state's waiver of sovereign immunity, when it stands in a special relationship with the injured party."  *Burr* at ¶ 20.

{¶ 12} R.C. 2743.02(A)(3)(b) specifies that the special relationship providing an exception to the state immunity provided in section (A)(3)(a) is established if all of the following elements exist:

> (i) An assumption by the state, by means of promises or actions, of an affirmative duty to act on behalf of the party who was allegedly injured;
>
> (ii) Knowledge on the part of the state's agents that inaction of the state could lead to harm;
>
> (iii) Some form of direct contact between the state's agents and the injured party;
>
> (iv) The injured party's justifiable reliance on the state's affirmative undertaking.

{¶ 13} In their amended third-party complaint, appellants alleged that the state auditor assumed the following special relationship with them, which overcame the immunity:

> Auditor Yost assumed a special relationship with the Third-Party Plaintiffs for the reason, unlike treasurers' for other public schools, treasurers for charter schools are not required by Ohio law to be licensed. Yost is aware of the fact that charter school treasurers are not required to be licensed. Accordingly, the volunteer members of boards of directors of charter schools rely on their sponsors and the State Auditor to assure that charter school operations and expenditures are lawful. In this connection the State Auditor has (a) "assumed an affirmative duty to act" on behalf of the Third-Party Plaintiff volunteer board members, (b) knew that inaction on his part "could lead to harm" given that there is no state requirement for a licensed treasurer and (c) had "direct contact" with the Third-Party Plaintiffs through his agents and employees. The Third-Party Plaintiffs justifiably relied on Yost and the State of Ohio to protect and advise them in relation to charter school expenditures given the State's failure to require charter school treasurers to be licensed.

(R. 16, ¶ 22.)

{¶ 14} In assessing appellants' amended third-party complaint, the trial court found:

> [It] does not set forth sufficient factual matter which, if proven, would demonstrate a special relationship and entitle [them] to relief [because] [t]he pleading lacks adequate

underlying factual allegations of promises or actions by the Auditor of State to demonstrate that the office assumed affirmative duties beyond those that it owed on the public's behalf, nor are there factual allegations to demonstrate direct contact between the state's agents and the third-party complainants.

(R. 30, at 4.)  In essence, the trial court required something more than notice pleading for appellants' third-party claim.

{¶ 15} "Civ.R. 12(B)(6) motions, however, merely ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties, *i.e.*, Ohio generally follows notice, rather than fact, pleading." *In re Election Contest of Democratic Primary Held May 4, 1999 for Clerk, Youngstown Mun. Court*, 87 Ohio St.3d 118, 120 (1999).  Plaintiffs need not prove their case at the pleading stage.  *Ferron v. Dish Network, L.L.C.*, 195 Ohio App.3d 686, 2011-Ohio-5235, ¶ 23 (10th Dist), citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991).  Notice pleading requires only that a claim concisely set forth those operative facts sufficient to give a defendant fair notice of the nature of the action.  *Montgomery v. Ohio State Univ.*, 10th Dist. No. 11AP-1024, 2012-Ohio-5489, ¶ 20.

{¶ 16} Appellants' amended third-party claim sets forth operative facts sufficient to give the state auditor fair notice of its claim that any asserted immunity is overcome by the special relationship contained in R.C. 2743.02(A)(3)(b).  They alleged the following underlying facts, which, when presumed true, minimally places the state auditor on notice of appellants' asserted special relationship under R.C. 2743.02(A)(3)(b) with the auditor: (1) charter school treasurers are not required by Ohio law to be licensed; (2) volunteer members of boards of directors of charter schools rely on their sponsors and the state auditor to assure that charter school operations and expenditures are lawful; (3) the state auditor assumed an affirmative duty to act on behalf of appellant volunteer board members; (4) the state auditor knew that inaction on his part could lead to harm given that there is no state requirement for a licensed treasurer; (5) the state auditor had direct contact with appellants through his agents and employees; and (6) appellants justifiably relied on the state auditor and the state to protect and advise them in relation to charter school expenditures given the state's failure to require charter school treasurers to be licensed.  Although further proceedings may ultimately disprove appellants' claim, for

purposes of the state auditor's Civ.R. 12(B)(6) motion, they alleged sufficient facts to withstand dismissal.

{¶ 17} Therefore, after accepting the truth of the material factual allegations of appellants' amended third-party complaint and making all reasonable inferences therefrom in their favor, it does not appear beyond doubt that the state auditor is immune from liability under R.C. 2743.02(A)(3)(a). The Court of Claims thus erred in dismissing appellants' amended third-party complaint for failure to state a claim upon which relief can be granted. Appellants' first assignment of error is sustained.

{¶ 18} In their second assignment of error, appellants assert that the trial court erred when it dismissed the church's counterclaim against Legacy for its alleged nonpayment of rent on leases with the church. The Court of Claims dismissed the counterclaim because the attorney general, who had instituted the suit in a representative capacity for the recovery of public money, is not amenable to suit.

{¶ 19} R.C. 117.28 provides that when an audit report shows that public money has been illegally expended, not accounted for, uncollected, converted, or misappropriated, the attorney general may bring an action on behalf of the public office to which the money is due or the public property belongs for recovery of the public money. In this case, the attorney general brought the recovery action on behalf of Legacy in a representative capacity. Appellants do not suggest that the church's counterclaim could be interposed against the attorney general, who was suing them in his representative capacity. *Benjamin v. Ernst & Young, L.L.P.*, 167 Ohio App.3d 350, 2006-Ohio-2739, ¶ 7 (10th Dist.) ("A counterclaim may only be asserted against an opposing party and only against that party in the capacity in which that party sued."), citing *Quintus v. McClure*, 41 Ohio App.3d 402 (9th Dist.1987).

{¶ 20} Instead, appellants claim that Legacy was a party to the suit and that their counterclaim was properly directed to it. Appellants, however, cite no authority to support their contention that a recovery action instituted by the attorney general on behalf of a community school includes the community school as the real party in interest in the case so as to permit counterclaims against the school. They cannot meet their burden of demonstrating reversible error under these circumstances. *State ex rel. Capretta v. Zamiska*, 135 Ohio St.3d 177, 2013-Ohio-69, ¶ 12, citing *In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2638, ¶ 14 (court can reject

argument on appeal when the appellant fails to cite any legal authority in support); *Lundeen v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-629, 2013-Ohio-112, ¶ 16 ("According to App.R. 12(A)(2), we may disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7).").

{¶ 21} Moreover, appellants effectively conceded that the church's counterclaim ceased to exist when they claimed below that their filing of an amended answer and amended third-party complaint rendered moot the attorney general's motion to dismiss the church's counterclaim contained in their original answer and the state auditor's motion to dismiss their third-party complaint.

{¶ 22} Therefore, appellants' second assignment of error is overruled. By so holding, we need not address the merits of the attorney general's cross-assignment of error. R.C. 2505.22 (reviewing court will consider cross-assignments of error raised by an appellee who does not file a cross-appeal only if the judgment being appeal would otherwise be reversed in whole or in part).

## IV. CONCLUSION

{¶ 23} Having overruled appellants' second assignment of error, the judgment of the Court of Claims dismissing appellant church's counterclaim is affirmed. Having sustained appellants' first assignment of error, the judgment of the Court of Claims of Ohio dismissing appellants' amended third-party complaint is reversed and remanded for further proceedings on that pleading.

*Judgment affirmed in part,*
*reversed in part, and cause remanded.*


KLATT, P.J., and BROWN, J., concur.

T. BRYANT, J., retired, formerly of the Third Appellate
District, assigned to active duty under authority of the Ohio
Constitution, Article IV, Section 6(C).

_____