[Cite as *Baker v. Mosler*, 2013-Ohio-4976.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

JOHN F. BAKER,

    PLAINTIFF-APPELLANT,            CASE NO.  1-13-05

    v.

LINDA MOSLER, ET AL.,               O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Allen County Common Pleas Court
Trial Court No. CV20120876

**Judgment Affirmed**

Date of Decision:   November 12, 2013

**APPEARANCES:**

    *John F. Baker*, Appellant

    *Lorri J. Britsch*  for Appellee

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant John F. Baker ("Baker") brings this appeal from the judgment of the Court of Common Pleas of Allen county granting the motion to dismiss of defendants-appellees Linda and David Mosler ("the Moslers"). For the reasons set forth below, the judgment is affirmed.

{¶2} On November 12, 2010, there was a car accident allegedly caused by Linda Mosler in which Baker claimed to be injured. On November 1, 2012, Baker attempted to file a complaint labeled "Civil Complaint for Money Damages." The Clerk of Courts returned the documents to Baker unfiled for failure to correctly label the documents pursuant to Allen County Local Rule 3. Baker then wrote the words "Other Civil" on the complaint and filed it with the Clerk of Courts on November 21, 2012.

{¶3} On December 4, 2012, the Moslers filed a motion to dismiss pursuant to Civil Rule 12(B)(6), alleging that the claim was barred by the statute of limitations. The trial court granted the motion to dismiss by judgment entry on December 21, 2012. On January 8, 2013, Baker filed a memorandum in opposition to the motion to dismiss and leave to amend the complaint. The trial court denied Baker's motion to amend the complaint by judgment entry filed on January 9, 2013. On January 10, 2013, the Moslers filed a reply to Baker's memorandum in opposition to the motion to dismiss the complaint. Baker then

filed a Civil Rule 60(B) motion to obtain relief from judgment on January 14, 2013. The Moslers filed a response on January 18, 2013. By judgment entry filed on January 30, 2012, the trial court overruled Baker's 60(B) motion. Baker appeals from all of the aforementioned judgments and raises the following assignments of error.

**First Assignment of Error**

**The trial court erred in entering judgment seven days before the time expired for Appellant's reply to the Defendant's motion to dismiss was due, depriving Appellant of due process of law and of his right to access the court.**

**Second Assignment of Error**

**The trial court erred and abused its discretion in denying Appellant's motion for relief from judgment.**

{¶4} Initially this court notes that the notice of appeal in this case concerned three separate judgments. The first was the December 21, 2012, judgment of the trial court dismissing the case. The second was the January 9, 2013 judgment denying Baker's motion for leave to amend his complaint. The third and final judgment appealed was the January 30, 2012, judgment overruling Baker's motion for relief from judgment pursuant to Civil Rule 60(B). The Moslers subsequently filed a motion to dismiss the appeal claiming that the notice of appeal was untimely as to the first judgment and that the second and third judgments were not final, appealable orders. This court ruled on that motion on

March 12, 2013. In that ruling, this court held that the notice of appeal was untimely as to the first judgment and that the second judgment was not a final, appealable order as it was a legal nullity. Thus, the appeals on the first and second judgments were dismissed. However, this court held that the appeal on the motion for relief from judgment was timely filed and was a final appealable order. Thus, the motion to dismiss was overruled as to the third judgment.

{¶5} In the first assignment of error, Baker claims that the trial court erred in ruling on the motion to dismiss prior to the time for his response having expired. Since this assignment of error challenges the first judgment and the appeal on that judgment was dismissed, we need not address it. The first assignment of error is dismissed.

{¶6} Baker next claims that the trial court erred in denying his motion for relief from judgment.

> **On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made**

> **within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.**

Civ.R. 60(B). To prevail upon a motion for relief from judgment pursuant to Civil Rule 60(B), the movant must demonstrate the following: 1) the party has a meritorious claim or defense if relief is granted; 2) the party is entitled to the relief on one of the grounds listed in Civil Rule 60(B); and 3) less than a year has passed since the judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).

{¶7} In this case, Baker filed his motion less than one month after the judgment was entered, so he meets the third requirement. However, Baker does not meet the first or second requirements. Contrary to what Baker argues, the fact that he is acting pro se does not affect the requirement that he comply with the local rules when filing his complaint. "Under Ohio law, pro se litigants are held to the same standard as all other litigants: they must comply with the rules of procedure and must accept the consequences of their own mistakes." *Thrower v. Bolden*, 8th Dist. Cuyahoga No. 97813, 2012-Ohio-3956, ¶16. Baker failed to comply with the local rules when he initially attempted to file the complaint. The local rules specified that the "Clerk shall not accept for filing any document which does not comply with this rule." Allen Cty. Loc.R. 3.01. By the time Baker successfully filed the complaint, more than two years had passed since the

accident. Thus, the claim was outside of the statute of limitations. See R.C. 2305.10. Baker could not bring a meritorious claim. Therefore, the trial court did not err in denying the Civil Rule 60(B) motion for relief.[1] The second assignment of error is overruled.

{¶8} Having found no error prejudicial to Baker in the particulars assigned and argued, the judgment of the Court of Common Pleas of Allen County is affirmed.

*Judgment Affirmed*

**PRESTON, P.J., concurs.**

**/jlr**

**ROGERS, J., dissents.**

{¶9} I must respectfully dissent from the opinion of the majority.

{¶10} R.C. 2303.09 requires that "[t]he clerk of the court of common pleas shall file together and carefully preserve in [his/her] office all papers delivered to [him/her] for that purpose in every action or proceeding." Based on this plain statutory language, the Clerk's duty is just to file and preserve papers delivered to

---

[1] We recognize the inherent logic of the dissent, but the Ohio Supreme Court has held "that a Civ.R. 12(B)(6) motion will lie to raise the bar of the statute of limitations when the complaint shows on its face the bar of the statute." *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 58, 320 N.E.2d 668, 671 (1974). We are required to follow the precedent set by the Ohio Supreme Court.

him/her; it is not the Clerk's responsibility to determine the legal or procedural sufficiency of any document. This statutory dictate is contrary to Loc.R. 3.01 of the Court of Common Pleas of Allen County, which states that the Clerk "shall not accept for filing any document which does not comply with [the requirement that each civil complaint contain a designation of its nature].". Because the Clerk in this matter should have complied with R.C. 2303.09's requirements, as opposed to the contrary provision in the Local Rules, the Clerk should have filed Baker's complaint on November 1, 2012, when Baker first attempted to file it. Filing the complaint on this date would have precluded the Moslers from successfully arguing that the applicability of the statute of limitations and the trial court could not have disposed of this matter on that basis. As such, the trial court should have granted Baker's motion for relief from judgment under Civ.R. 60(B)(5).

{¶11} It is also my opinion that the original dismissal was improper because the issue of statute of limitations is an affirmative defense which must be specifically pled pursuant to Civ.R. 8 and cannot be properly determined on a Civ.R. 12(B)(6) motion to dismiss. *See Finn v. James A. Rhodes State College*, 191 Ohio App.3d 634, 2010-Ohio-6265, ¶ 31 (3d Dist.) (Rogers, J., concurring). This view is consistent with this state's continued fidelity to the requirement of mere notice pleading. *E.g.*, *Lisboa v. Tramer*, 8th Dist. Cuyahoga No. 97526, 2012-Ohio-1549, ¶ 27 ("[The] Ohio Civil Rules require 'notice pleading' rather

than 'fact pleading.'"). We have previously recognized that notice pleading only creates a "minimal" burden for plaintiffs, *Bowersmith v. United Parcel Serv., Inc.*, 166 Ohio App.3d 22, 2006-Ohio-1417, ¶ 13 (3d Dist.), in which they need to simply "set forth those operative facts sufficient to give [defendants] fair notice of the nature of the action," *Legacy Academy for Leaders v. Mt. Calvary Pentecostal Church*, 10th Dist. Franklin No. 13AP-203, 2013-Ohio-4214, ¶ 15. As a result, "[p]laintiffs need not prove their case at the pleading stage," *id.*, and they need not plead around possible defenses, *see Scott v. Columbus Dept. of Pub. Utils.*, 192 Ohio App.3d 465, 2011-Ohio-677, ¶ 8 (10th Dist.) (stating that plaintiffs need not plead exceptions to the immunity affirmative defense in complaint).

{¶12} By allowing a party to obtain a Civ.R. 12(B)(6) dismissal on the basis of the statute of limitations, the majority has implicitly removed the notice pleading requirement. In its place, the majority has created some sort of enhanced pleading requirement in which plaintiffs need to state the necessary operative facts to both give defendants fair notice of the action and to avoid the applicability of an affirmative defense. I refuse to break from Ohio's well-settled notice pleading standard and acquiesce in the majority's creation of such an enhanced pleading requirement.

{¶13} Additionally, allowing a party to obtain a Civ.R. 12(B)(6) dismissal on the basis of the statute of limitations is inconsistent with Civ.R. 8(C), which

dictates that in a responsive pleading, "a party shall set forth affirmatively * * * statute of limitations * * *." The failure to comply with this requirement results in a waiver of the defense. *E.g.*, *Calim v. Nemes*, 7th Dist. Mahoning No. 11MA12, 2012-Ohio-1409, ¶ 12. Here, the Moslers did not file an answer to Baker's complaint and as such, they did not affirmatively set forth the defense of statute of limitations. Their lack of compliance with Civ.R. 8(C) should have resulted in a waiver of the defense, but the majority has chosen to disregard the Civil Rules' requirement and instead approve of the trial court's procedure in this matter. Again, I cannot agree. Rather, I would find that the trial court's improper dismissal of Baker's action under Civ.R. 12(B)(6) provided sufficient grounds to grant his request for Civ.R. 60(B) relief from the judgment.

{¶14} "The majority has relied upon *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55 (1974), as authority for disposing of the issue of the statute of limitations via a Civ.R 12(B)(6) motion. Indeed, the syllabus of that case suggests that such procedure may be used. However, that announcement is contrary to Article IV, Section 5(B) of the Ohio Constitution, which requires that amendments to rules must be first presented to the legislature. Even the august body of Supreme Court of Ohio cannot willy-nilly choose to ignore the constitutionally required procedure for amending the Civil Rules.

{**¶15**} In addition, Civ.R. 12(B)(6) lists seven specific defenses that may be raised by motion prior to pleading.  A statute of limitations defense is conspicuous by its absence from Civ.R. 12.   However, a statute of limitations defense is unequivocally and unambiguously listed in Civ.R. 8(C) as an affirmative defense which must be specifically plead to avoid its waiver.  I would suggest that its inclusion in Civ.R. 8 and its absence from Civ.R. 12, demands the interpretation that this affirmative defense is not a proper subject for a motion under Civ.R. 12(B). *See State v. Steele*, __ Ohio St.3d __, ¶ 17, 2013-Ohio-2470 ("[O]ur paramount concern is the legislative intent in enacting the statute.  We must give effect to the plain meaning of the words used in a statute, and we must not modify an unambiguous statute by adding or deleting words.").[2]

{**¶16**} Further, the Supreme Court has itself recognized the need for strict enforcement of the Civil Rules.

> However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment.

*Miller v. Lint*, 62 Ohio St 2d 209, 215 (1980).

{**¶17**} The requirements of a responsive pleading is clear and unequivocal in the requirement that "a party shall set forth affirmatively * * * statute of

---

[2] While I realize that the *Steele* decision deals with statutory interpretation, I believe the same principles apply when reading the Ohio Rules of Civil Procedure.

-10-

limitations * * *." Civ.R. 8(C). The failure to comply with this requirement must result in a waiver of the defense, or else we have succumbed to the "complete abandonment" predicted in *Miller v. Lint*. And that abandonment applies not only to Civ.R. 8(C), but also to any pretense of notice pleading."

{¶18} In sum, because I would find that the trial court erred in denying Baker's request for Civ.R. 60(B) relief, I would sustain Baker's second assignment of error and reverse the trial court's judgment. As a result, I respectfully dissent from the majority's opinion.

/jlr